Bernard S. Meyer, J.
Plaintiff asks judgment declaring the Building Zone Ordinance of the Town of Hempstead unconstitutional insofar as it proscribes the erection of a dwelling on a 40-foot plot located on Frederick Avenue, Bellmore. In February, 1945, plaintiff and his wife acquired title to Lots 365 and 366 on the map of Frederick Park, a plot 40 feet by 110 feet on the north side of Frederick Avenue, on which was located a dwelling. In November, 1945 they purchased the adjoining lots (367 and 368), an unimproved 40-by-110-foot parcel. Prior thereto the two parcels had been in single and separate ownership. The Frederick Park map was filed in 1912; the town ordinance was adopted in 1930. Since the ordinance was adopted the two plots have been zoned 1 ‘ Residence B. ’ ’ Until 1951 ‘1 Residence B ’ ’ use permitted erection of a dwelling on a plot with 40-foot frontage and an area of 4,000 square feet. In 1951, the ordinance was amended to require 55-foot frontage and 6,000 square feet area, and that provision was re-enacted in 1957 to provide that separate ownership could not be created by subdividing plots that had come into common ownership (see Matter of Cabral v. Young, 14 Misc 2d 550).
From its view of the subject plots and surrounding area (had with the consent of the parties), from the aerial map in evidence and from the testimony of plaintiff’s expert, the court finds that Frederick Avenue is a cul-de-sac opening at its eastern end into Centre Avenue and the western end of which is blocked by a small stream and the rear yards of houses facing on Johnson Place; that there are on the north side of Frederick Avenue 15 parcels of land exclusive of plaintiff’s; that the easternmost is approximately 130 by 110 feet and improved by a house facing Centre Avenue; that the 5th is an 80-foot parcel on which there is a two-family house so placed on the plot that it extends across more than half of the frontage of the parcel; that the 15th is bounded on the west by the brook, has only 47-foot frontage, is owned by the county and is unimproved; that the other 12 are 40-foot plots improved with houses. On the south side of Frederick Avenue there are 18 parcels; the easternmost is approximately 110 feet square and is occupied by a church, the last is 60 by 110 feet and occupied by a residence, and all of the others are 40 by 110 and improved by dwellings. The dwellings on Frederick Avenue include some two-story houses, but *154 are mostly bungalows, are old style, of stucco, shingle or clapboard, were erected in the early 1920’s or before and have a present average value of $12,000 to $14,000. No sale of Frederick Avenue property has occurred within the last 5 years.
Plaintiff’s expert fixed the present value of Lots 365 and 366 and the dwelling thereon at $12,000 arid the value of Lots 367 and 368 if they could be used only as an adjunct to the house, at $750 to $1,000. He fixed the value of Lots 367 and 368 if usable for construction of a separate single-family residence at $6,000 to $6,500. Defendant offered no contradictory evidence though its real estate expert was present in court. Plaintiff’s expert testified that since the area was completely developed on 40-foot plots, there could be no adverse effect on health, safety or the general welfare if Lots 367 and 368 were used for erection of a dwelling, and that health, safety and general welfare .of persons in the area would not be enhanced by the enforced use of those lots in conjunction with the house on the adjoining lots as an 80-foot parcel.
"While there is no question that limitation of the size of building plots is a constitutional means of controlling population density in the interest of public health, safety and welfare, it is also true that “ the burdens, as far as possible, must be equally distributed” and when “the adjustment becomes so one-sided as to be unreasonable and arbitrary, unnecessary to the preservation of the scheme and purpose as a whole, approaching the point where an owner is deprived of any beneficial or profitable use of his property, then the court should step in and afford relief ” (Matter of Eaton v. Sweeney, 257 N. Y. 176, 183). There is no evidence that fire, police, sewerage, garbage or any other .governmental services may be overburdened by use of Lots 367 and 368 for the erection of a dwelling. Of the 31 parcels facing on Frederick Avenue, 28, or 90%, are occupied as 40-foot parcels and none of the other 3 except plaintiff’s can be subdivided into two 40-foot plots. Under such circumstances, the relationship to health, safety and general welfare of a 55-foot frontage 6,000-square-feet area requirement is largely limited to the light and air benefit derived by the property adjoining Lots 367 and 368. Against that limited (and essentially private) benefit is to be balanced the value of the lot under the present zoning ($1,000) in relation to its value as a usable 40-foot plot ($6,000), a reduction of some 83%. To be valid, a restriction which' destroys the greater part of the value of property must bear reasonable relation to health, safety and the general welfare. Absent such relationship, the restriction constitutes an unconstitutional invasion of property rights (Dowsey v. Village of *155 Kensington, 257 N. Y. 221; Rockdale Constr. Corp. v. Incorporated Vil. of Cedarhurst, 301 N. Y. 519, affg. 275 App. Div. 1043, affg. 94 N. Y. S. 2d 601; Vernon Park Realty v. City of Mount Vernon, 307 N. Y. 493; see, also, Matter of Wa-Wa-Yanda v. Dickerson, 18 A D 2d 251). Defendant’s reliance upon Matter of Fina Homes v. Young (14 Misc 2d 576, affd. 7 A D 2d 864, affd. 7 N Y 2d 845); Matter of Chasanoff v. Silberstein (6 A D 2d 872 ) and Matter of Ferryman v. Weisser (3 A D 2d 674) is misplaced. While each of those cases dealt with the single and separate ownership provision, all were article 78 proceedings reviewing the denial of variances and did not consider the question of constitutionality. Plaintiff is entitled to judgment declaring that as to Lots 367 and 368 the ordinance insofar as it proscribes the- erection of a single-family dwelling thereon is unconstitutional.