Bernard S. Meter, J.
This article 78 CPLR proceeding presents the question whether, in a fact situation similar to that in Riviere v. Town of Hempstead (40 Misc 2d 152), petitioner may obtain relief by way of variance or is limited to a declaratory judgment action. The-proof before the board showed that petitioner owns four continguous lots (Lots 48, 49, 50 and 51, Section 35, Block 38), each 20 feet by 100 feet on the west side *393 of Catherine Avenue in Franklin Square, in a Residence “ C ” zone; that on Lots 48 and 49 there is an existing one-family dwelling; that Lots 50 and 51 are vacant; that there are on the west side of Catherine Avenue, within the same block 10 residences, all single-family and all on 40 feet by 100 feet plots; that there are on the east side of Catherine Avenue, within the same block, 12 residences, of which 7 are single-family dwellings on 40 feet by 100 feet plots, two single-family on 20 feet by 100 feet plots, one single-family on a 35 feet by 100 feet plot, one single-family on a 25 feet by 100 feet plot, and 1 two-family dwelling on a corner plot 50 feet by 100 feet; that the value of the four lots combined is $11,000, but the value of Lots 48 and 49 separately and aside from the value of the house on them is $10,000 and the value of Lots 50 and 51 separately is $10,000; that no undue demand would be made upon municipal facilities if the division were permitted and there would be neither detriment to other properties in the area nor a change in character of the neighborhood. Section C-10.1 of article VI of the town’s Zoning Ordinance requires a minimum lot area of 6,000 square feet and a width of 50 feet at the front set-back line in a Residence “ C ” zone, and section C-10.3 of the same article would require removal of the existing building if the plots are subdivided. Petitioner’s applications for variances permitting (1) the existing building to remain on Lots 48 and 49, and (2) a new dwelling to be erected on Lots 50 and 51, were denied by the board on the ground that “ There is a failure of proof as to the element of practical difficulty *' * * The mere fact that there may be other improved parcels in the immediate area which have dimensions similar to the applicant [sic] or even less than the applicant’s property, standing alone, without any other supporting evidences does not create a sufficient legal basis on which to grant a variance. ’ ’
Prior to the Appellate Division’s decision in Matter of Persichilli Homes v. Zoning Bd. of Appeals of Town of Huntington (24 A D 2d 882), this court would have held, as it suggested in the Riviere case (supra), that the constitutional issue was not before the board and that, notwithstanding that the relief requested would be obtainable in a declaratory judgment action, the board’s refusal of a variance was not arbitrary and should be upheld. Perusal of the Special Term decision of Mr. Justice Cohalau in Matter of Persichilli Homes (N. Y. L. J., Nov. 16, 1964, p. 20, col. 3) shows that in a Riviere type case and in reliance in part in the Riviere decision, he annulled the decision of the board and directed issuance of the variance. The court must, therefore, conclude that the Appellate Division, by its *394 affirmance, sanctioned avoiding the circuity of action otherwise involved, and that when, as in this case, all of the findings required in a declaratory judgment action have been substantiated in an article 78 CPLB record, the board acts unreasonably in denying a variance.
The decision of the board is annulled and it is directed to issue the variance requested.