TODAL CUSTOM BUILDERS, INC., Plaintiff, *v.* TOWN BOARD OF THE TOWN OF HEMPSTEAD et al., Defendants.

Supreme Court, Special Term, Nassau County, November 29, 1966.

*Daniel S. Lerner* and *Melvin B. Lippe* for plaintiff. *John A. Morhous, Town Attorney* (*Joel S. Kaplan* of counsel), for defendants.

MANUEL W. LEVINE, J. This is an action brought by the plaintiff to have section B–10.1 of the Building Zone Ordinance of the Town of Hempstead declared unconstitutional as applied to premises now known as Section 56, Block 411, Lot 410. The section attacked read as follows: " Sec. B–10.1. No dwelling or other buiding shall be constructed on a lot unless (1) it contains an area of not less than six thousand (6,000) square feet and has a minimum width of fifty-five (55) feet at the front setback

line and (2) either has a minimum width of forty (40) feet from and on the street line to the front setback line, or is a lot designated on a plat heretofore or hereafter duly filed in the Office of the Clerk of the County of Nassau. The maximum lot or plot width and area and frontage regulations herein set forth shall not apply to any lot or plot having an area and/or width and/or frontage of less than that prescribed herein, provided such lot or plot has an area of at least four thousand (4,000) square feet and was under different ownership from that of any adjoining land on October 25, 1957, and provided further that such lot or plot and any adjoining land did not come into common ownership since that date.''

On February 21, 1962, plaintiff contracted to purchase for $10,000 a parcel of land known as Section 56, Block 411, Lot 406, subject to the purchaser obtaining variances to construct three one-family dwellings on the property. A building permit was obtained for the rear portion of the premises, now known as Lot 408, on March 30, 1962. This parcel has an appendage 15 feet in width by 159 feet in length giving it a 15-foot front on Cornelius Avenue. A contract to sell this parcel with a house constructed thereon for $18,000 was entered into on March 3, 1962, with Arthur Brodbeck and his wife. Then in April, 1962, application was made for a building permit for the premises, the subject of this lawsuit, which was rejected on May 29, 1962. This plot has a 15 by 95 foot appendage giving it access to Cornelius Avenue. Thereafter, a building permit was obtained for Lot 409 on July 17, 1962, having been applied for in June. On September 7, 1962, plaintiff contracted to sell this parcel for $19,000 to Arthur Meget, Jr., and his wife. Then on September 11, 1962, plaintiff accepted title to the original parcel which constituted what is now known as Lots 408, 409 and 410. There was no construction commenced on any of the plots until after September 11, 1962. Lot 408 was conveyed to the Brodbecks December 27, 1962, and Lot 409 to the Megets January 11, 1963.

Plaintiff's real estate expert testified that Lot 410 would be worth $7,500 if a building permit were obtainable. Its value without such a permit in his opinion is $500. Standing alone this testimony would render section B–10.1 confiscatory as to this plot. However, there are other aspects to this action which require consideration.

If the ordinance were responsible for the destruction of the value of the property from $7,500 to $500 it would be confiscatory and unconstitutional as applied to Lot 410. However, this is not a case of single and separate ownership at the time

of the effective date of the ordinance. Title to Lots 409 and 410 was in one person on the effective date of section B–10.1 June 1, 1962. It was not until September 7, 1962, that plaintiff entered into a contract to sell Lot 409. The closing of title to this lot took place on January 11, 1963. The earliest date that Lot 410 was a single parcel was September 7, 1962, and section B–10.1 was in effect for a period of more than three months. It was the act of plaintiff in so dividing the parcel that destroyed the greater part of the value of Lot 410. There has been no showing that the ordinance affected the value of Lots 409 and 410 which were held as one parcel on the effective date of the ordinance.

Under the facts of this case the principle that an ordinance which destroys the greater part of its value is unconstitutional (*Dowsey* v. *Kensington*, 257 N. Y. 221; *Rockdale Constr. Corp.* v. *Incorporated Vil. of Cedarhurst*, 301 N. Y. 519; *Vernon Park Realty* v. *City of Mount Vernon*, 307 N. Y. 493) is not applicable. While the aforesaid cases were concerned with use restrictions such a distinction would be spurious. Plaintiff cites *Riviere* v. *Town of Hempstead* (40 Misc 2d 152) and *Hansen* v. *Town of Hempstead* (N. Y. L. J., June 15, 1965, p. 19, col. 7) to support its contention. An examination of the facts shows that while they were "split offs" the real bases of the decisions were that the character of the neighborhoods had been determined prior to the adoption of the ordinance requiring a larger area.

It was the act of plaintiff in dividing the property that destroyed the greater part of the value of Lot 410 and not section B–10.1. The section is constitutional as to this parcel. To rule otherwise would permit a developer to divide property into several plots not conforming to a zoning ordinance and bring an action as to each on the grounds that the ordinance is unconstitutional as applied to each plot.

This constitutes the court's decision pursuant to CPLR 4213 and is without prejudice to plaintiff commencing any other type of proceeding if it deems it feasible.