■ In the Matter of HAZEL BELL, Respondent, v. WILLIE A. BELL, Appellant.— Order of the Family Court, Kings County, dated November 3, 1966, which committed appellant to jail upon his default in complying with an order to pay support for his family and to give an undertaking, affirmed, without costs. On this record, we hold that appellant waived whatever rights he may have had as to representation by counsel. Christ, Acting P. J., Brennan, Rabin, Benjamin and Munder, JJ., concur.

■ In the Matter of BERTHA W. LINDER, Respondent, v. W. KENNETH CHAVE et al., Constituting the Board of Zoning Appeals of the Town of Hempstead, Appellants.— Judgment of the Supreme Court, Nassau County, dated June 21, 1966, which annulled a determination of appellant Zoning Board of Appeals and directed the board to issue the variances requested by petitioner, reversed, on the law, without costs, and proceeding remitted to the Special Term for a hearing as indicated herein and for a new determination. No questions of fact were considered. A hearing in accordance with the opinion of the Court of Appeals in *Matter of Fulling* v. *Palumbo* (21 N Y 2d 30) should be held. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur. [50 Misc 2d 392.]

■ In the Matter of MANOR WOODS ASSOCIATION et al., Appellants, v. WARD RANDOL et al., Constituting the Zoning Board of Appeals of the Town of Greenburgh, et al., Respondents.— In a proceeding pursuant to CPLR article 78 to review the granting of a variance, petitioners appeal from a judgment of the Supreme Court, Westchester County, dated July 27, 1967, which granted the motion of respondents 100 Hartsdale Road Corporation and Central Westchester Associates to dismiss the petition on the ground that petitioners are not aggrieved and (respondent Zoning Board members having cross-moved for conforming relief) dismissed the petition as to all respondents. Judgment modified, on the law and the facts, by (1) limiting the granting of the motion and the dismissal of the petition only as to petitioner Manor Woods Association, (2) denying the motion as to the three individual petitioners and (3) severing the proceeding accordingly. As so modified, judgment affirmed, without costs. The time within which respondents may answer the petition as to the individual petitioners is extended until 20 days after entry of the order hereon. Petitioner Manor Woods Association has no standing to petition, because it is not a property owner. The individual petitioners, homeowners in the immediate residential zone, in this case within approximately 500 yards of the subject premises, are aggrieved persons within the meaning of the statute (Town Law, § 267, subd. 7). Christ, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.