In the Matter of JULIUS STEINER et al., Respondents, v BOARD OF APPEALS OF THE VILLAGE OF GREAT NECK, Appellant, and 15 BEACH OWNERS, INC., Respondent.—In a proceeding pursuant to CPLR article 78 to (1)

review a determination of the Board of Appeals of the Village of Great Neck, dated March 4, 1976, which, after a hearing, granted the application of 15 Beach Owners, Inc., for a variance and (2) direct that the application be denied, the board of appeals from a judgment of the Supreme Court, Nassau County, dated July 19, 1976, which granted the petition, annulled the determination and vacated the variance. Judgment modified, on the law, by deleting from the first decretal paragraph thereof the words "in all respects" and substituting therefor the following: "only to the extent that the determination is annulled and the variance vacated." As so modified, judgment affirmed, without costs or disbursements, and matter remanded to the board of appeals for a new hearing and determination in accordance herewith. The subject property is an apartment house located on the northwest corner of the intersection of Beach Road and Willow Lane in the Village of Great Neck. The front of the building is adjacent to the north side of Beach Road. Petitioners Foley and Steiner occupy single-family dwellings which abut the northern boundary (the rear) of the subject premises. The existing on-site parking, both open and enclosed, for the apartment house is located on the west side of the subject property. The area on the north side of the building is vacant, except for a refuse enclosure. When the apartment house was constructed, it complied with the off-street parking requirements of the ordinance. The property became nonconforming when the ordinance was amended in 1968 to require an increase in the number of on-site parking spaces. A request for a building permit to construct additional on-site parking spaces was denied on the ground that the number of planned spaces was insufficient to meet the requirements of the ordinance. An application was made for a variance to permit additional parking spaces in the vacant area to the north of the building and to remove one garage so that automobiles could enter the premises from Willow Lane on the east, drive through the area on the north and exit onto Beach Road through the parking area on the west side of the property. The board granted the application subject to certain conditions. Construction was to be in accordance with the revised plan which provided for an open parking area with eight stalls parallel to the common boundary line between the subject premises and the residences of petitioners Foley and Steiner. The plan further provided that the boundary would be separated by a three-foot wide buffer strip planted with trees and bounded on the interior side by a curb six inches high. It appears that the new parking spaces would be located within 10 feet of the combustible wall of a garage on petitioner Foley's property. The Special Term annulled the determination of the board and granted the petition on the ground that the variance violated a certain provision of the State Building Construction Code applicable to multiple dwellings, which provision was adopted by the village. Subdivision (a) of section 721.1 of the code provides (9 NYCRR 721.1 [a]): "Motor Vehicles may be parked or stored in the open upon the premises, but no vehicle may be parked or stored * * * nearer that 10 feet from a combustible wall". Subdivision (l) of the same section provides: "Enclosure walls shall not be required on open parking structures except on sides located within 10 feet of an interior lot line." In our opinion, a reasonable interpretation of the code is that subdivision (l) is applicable here, and not subdivision (a), upon which Special Term relied. Section 721 is entitled "Garages and Open Parking Structures on the Same Premises with a Multiple Dwelling". It appears from the minutes of the hearing that the board interpreted subdivision (a) as referring to the required minimum distance between vehicles parked on the subject premises and a combustible wall on the same premises. It cannot be

said that that interpretation was unreasonable, particularly in view of the fact that a vehicle parked on petitioner Foley's premises adjacent to or within the garage may be located within 10 feet of the combustible wall of that garage. On the other hand, subdivision *(l)*, which refers to parking structures within 10 feet of "an interior lot line", would appear to be relevant to the facts here, where the proposed parking area is within 10 feet of the common boundary between the subject multiple dwelling and the properties of petitioners Foley and Steiner. It is clear from the minutes of the hearing that the board did not consider the applicability of subdivision *(l)*. On the new hearing, the board may find that this provision is applicable and that the green buffer strip is a sufficient "enclosure wall", or it may, if it so chooses, amend the plan to provide for a suitable enclosure. The notices to property owners in the area and the published notices were limited to "the addition of 8 off-street parking spaces and the removal of one enclosed garage". Moreover, the approved plans also call for a new entrance to the subject property on Willow Lane and the replacement and relocation of the refuse enclosure. Since a new hearing is required, the notices should adequately inform the parties and public of the nature of the application (see 2 Anderson, New York Zoning Law and Practice [2d ed], § 20.11). The board of appeals failed to argue, at Special Term, that the petitioners should have waited until the building inspector issued a permit and then pursued their administrative remedies before the State Board of Review. That argument may not be raised now for the first time. Hopkins, J. P., Latham, Damiani and Suozzi, JJ., concur.