■ LAWRENCE FREUNDLICH et al., Appellants, v TOWN BOARD OF SOUTHAMPTON et al., Respondents.—In an action to declare invalid an alleged resubdivision of certain land, plaintiffs appeal from an order of the Supreme Court, Suffolk County, entered February 5, 1979, which, inter alia, denied their motion for summary judgment and granted the motion of defendants Ocean Creek Associates and I. P. X. Construction Corp. to dismiss the complaint. Judgment reversed, on the law, without costs or disbursements, and it is declared that the map of property owned by defendant Ocean Creek Associates, and denominated as the "sales map", constitutes a proposed "resubdivision" within the rules and regulations for subdivision of land in the Town of Southampton, and that the subject property may not be sold pursuant to the sales map without the approval of the Southampton Town Planning Board. The instant action concerns a piece of property situated in the Town of Southampton and currently owned by the defendant Ocean Creek Associates. In 1967 the former owner of the property obtained the approval of the town planning board for the subdivision of the property into 24 building lots. Two roads were situated on the approved plat. One of the roads, Mid Ocean Drive, bisected the property. The second, known as Dune Court, was a short cul-de-sac which intersected Mid Ocean Drive. In 1972 the town amended its zoning ordinance, increasing minimum lot size requirements for the subject property to 60,000 square feet, and rendering all of the lots on the subdivision plat substandard. Thereafter, Ocean Creek had a new map which it denominated a "sales map" drawn up for the property. The new map consisted of 18 lots, each in compliance with the new area requirements. The new, larger lots were formed by combining

portions of the old lots and eliminating Dune Court, which had been dedicated, but never improved. In November, 1977 a copy of the sales map was forwarded to the town planning board. By letter dated December 14, 1977, the planning board chairman indicated that the sales map was valid, that it did not require formal planning board approval, and that Dune Court could be abandoned, upon the consent of the town board. On March 15, 1978 the town board, upon the recommendation of the planning board, released its interest in Dune Court. Plaintiffs, who own property situated near the proposed subdivision, commenced the instant action seeking a declaration that the sales map was invalid since it had not been approved by the town planning board. Upon motion, the action was dismissed by Special Term on the grounds that (1) plaintiffs lacked standing to prosecute the action, and (2) there had been no showing that the procedures followed were illegal. In our opinion, Special Term erred in concluding that plaintiffs lacked standing. Under the liberal rules of standing which have been expounded by New York courts in zoning cases (see, e.g., *Matter of Douglaston Civic Assn. v Galvin*, 36 NY2d 1; *Suffolk Housing Servs. v Town of Brookhaven*, 63 AD2d 731), plaintiffs are entitled to an adjudication of their claim that the sales map may not constitute a basis for subdivision of the property absent planning board approval. We also believe that, on the merits, plaintiffs are entitled to a declaration that the sales map is of no validity. The rules and regulations for subdivision of land in the Town of Southampton set forth the procedure which an owner must follow in order to obtain approval of a subdivision plat. Under section 218 of the rules and regulations, subdivision is defined, in pertinent part, as "The division of any parcel of land into two or more lots, blocks, or sites, whether or not such division creates new streets or extends existing streets, and includes resubdivision". We cannot agree with the defendants or with Special Term, that the concept of "resubdivision" applies only where a new map contains more lots than the original, approved plat. Clearly, the sales map, which redrew the boundaries of every lot within the plat, constituted a resubdivision within the meaning of section 218. Finally, although the issue is not raised by the parties, we note that pursuant to section 265-a of the Town Law, the subject property was exempted from zoning amendments for a three-year period following the original, final plat approval. The property owners, having failed to avail themselves of the statutory grace period, may not now be heard to complain of hardship which resulted from the subsequent rezoning of the property. Mollen, P. J., Titone, O'Connor and Mangano, JJ., concur.