■ In the Matter of PRUDCO REALTY CORP., Appellant, v GERALD E. PALERMO et al., Constituting the Zoning Board of Appeals of the Town of Brookhaven, Respondents, and S. F. SHOPPING CENTER, INC., Intervenor-Respondent. — In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Town of Brookhaven, dated June 24, 1981, which granted the application of the intervenor-respondent S. F. Shopping Center, Inc., for a certificate of existing use for the operation of a gasoline service station at the southeast corner of Middle Country Road and Washington Avenue, Centereach, located in a J-2 business district, petitioner appeals from a judgment of the Supreme Court, Suffolk County (D'Amaro, J.), dated January 15, 1982, which dismissed the proceeding. Judgment reversed, on the law, with costs payable to petitioner by intervenor-respondent S. F. Shopping Center, Inc., petition granted, determination annulled and application denied. Special Term erred in holding that petitioner lacked standing to bring the instant proceeding. As an owner of property located within 200 feet of the subject premises, petitioner was, as a matter of law, an "aggrieved" person on whom subdivision 7 of section 267 of the Town Law conferred the right to seek judicial review of the determination of the respondent Zoning Board of Appeals of the Town of Brookhaven (*Edward A. Lashins, Inc. v Griffin*, 132 NYS2d 896; *Bayport Civic Assn. v Koehler*, 138 NYS2d 524; *Matter of Gerling v Board of Zoning Appeals of Town of Clay*, 11 Misc 2d 84, revd on other grounds 6 AD2d 247; *Matter of Holowka v Zoning Bd. of Appeals of Town of Greece*, 80 Misc 2d 738; *Matter of Manor Woods Assn. v Randol*, 29 AD2d 778; *Matter of Tuxedo Conservation & Taxpayers Assn. v Town Bd. of Town of Tuxedo*, 69 AD2d 320; *Freundlich v Town Bd. of Southampton*, 73 AD2d 684, affd 52 NY2d 921; *Matter of Grasmere Homeowner's Assn. v Introne*, 84 AD2d 778; *Glen Head — Glenwood Landing Civic Council v Town of Oyster Bay*, 88 AD2d 484; *Matter of Douglaston Civic Assn. v Galvin*, 36 NY2d 1). Special Term erred further in holding that the determination of the respondent zoning board of appeals was legally correct and supported by the evidence before it. The town's zoning ordinance provides: "Whenever a nonconforming use has been discontinued, abandoned or not used for a period of one (1) year or more, such use shall not thereafter be reestablished and any future use shall be in conformity with the provisions of this Ordinance." (Code of the Town of Brookhaven, § 85-431, subd A, par [5].) The evidence showed that the subject premises had not been operated as a gasoline service station for a period of at least four years, and had been leased to parties who used them in conformity with the provisions of the ordinance. Under the circumstances, the owner's intent to maintain the nonconforming use is irrelevant, and such use has been abandoned as a matter of law (*Matter of Franmor Realty Corp. v LeBoeuf*, 201 Misc 220, affd 279 App Div 795, mot for lv to app den 279 App Div 874; *Matter of Jahn v Town of Patterson*, 23 AD2d 688; *Gauthier v Village of Larchmont*, 30 AD2d 303, mot for lv to app den 22 NY2d 646; *Village of Spencerport v Webaco Oil Co.*, 33 AD2d 634; *Baml Realty v State of New York*, 35 AD2d 857; *Matter of Hanna v Crossley*, 40 AD2d 577; *Matter of Sun Oil Co. of Pa. v Board of Zoning Appeals of Town of Harrison*, 57 AD2d 627, affd 44 NY2d 995). Thus, the

respondent zoning board of appeals was without power to grant a certificate of existing use for the operation of the subject premises as a gasoline service station, and its determination was erroneous as a matter of law. In consequence, the judgment must be reversed, the petition granted, the determination annulled and the application denied. Damiani, J. P., Titone, Mangano and Boyers, JJ., concur.