■ In the Matter of Ciro Gaona et al., Respondents, v Town of Huntington Zoning Board of Appeals et al., Appellants. — In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Huntington Zoning Board of Appeals, dated October 6, 1983, which granted the application of Elwood Hills Company for a parking variance, the appeal is from a judgment of the Supreme Court, Suffolk County (McInerney, J.), dated February 6, 1984, which annulled the determination and denied the application.

Judgment reversed, on the law, determination confirmed and proceeding dismissed on the merits, with one bill of costs payable to appellants appearing separately and filing separate briefs.

Elwood Hills Company filed an application with the Town of Huntington Zoning Board of Appeals for a parking variance reducing the off-street parking requirements established by the Zoning Ordinance of the Town of Huntington to permit a change in use of a certain building from a furniture store to a retail auto parts store. The subject building, a 6,500 square-foot free-standing structure, is part of the Elwood Shopping Center, owned and managed by the Elwood Hills Company. The shopping center, which fronts on Jericho Turnpike in Huntington, contains approximately 24 retail and commercial establishments and a duplex movie theater. Elwood needed a parking variance to convert the existing furniture store into a retail auto parts store because, under section 198-47 of the Zoning Ordinance, it was required to provide a minimum of 33 parking spaces for a retail auto parts store (one space per 200 square feet of gross floor area) but only 13 parking spaces for a furniture store (one space per 500 square feet of gross floor area). Following a public hearing, at which Elwood established its inability to let the subject building to a furniture retailer and a traffic expert testified that the granting of the variance would not create congestion or traffic hazards because the shopping center's existing parking facilities were adequate to reasonably serve the needs of the proposed use, the Zoning Board of Appeals granted the variance.

Petitioners, the owners of property adjoining the westerly border of the shopping center and located within 700 feet of the

proposed auto parts store, thereafter commenced this article 78 proceeding to review the determination granting the variance. They claimed that the variance was void because the Zoning Board failed to mail notice of the public hearing to owners of adjoining property within a radius of 200 feet of Elwood's total property holding as required by section 198-112 (subd B, par [2]) of the Zoning Ordinance and because the Zoning Board exceeded its authority by granting a variance reducing off-street parking requirements by more than 50%, in violation of subdivision A of section 198-49 of the ordinance. Special Term agreed with petitioners that the variance was unlawful because it permitted a reduction in excess of 50%, but did not decide the notice issue.

Preliminarily, we note that Special Term correctly rejected appellants' claim that petitioners lack standing to bring this proceeding. As owners of property located within approximately 700 feet of the subject building and adjoining the westerly border of the Elwood Shopping Center, petitioners were, as a matter of law, "aggrieved persons" upon whom subdivision 7 of section 267 of the Town Law conferred standing to seek judicial review of the Zoning Board's determinations (see *Matter of Prudco Realty v Palermo,* 93 AD2d 837, affd 60 NY2d 656; *Matter of Manor Woods Assn. v Randol,* 29 AD2d 778; see, also, *Matter of Douglaston Civic Assn. v Galvin,* 36 NY2d 1; *Glen Head-Glenwood Landing Civic Council v Town of Oyster Bay,* 88 AD2d 484).

Special Term erred, however, in holding that the Zoning Board of Appeals exceeded its authority by granting a variance in excess of 50%. Subdivision A of section 198-49 of the Zoning Ordinance provides: "The Zoning Board of Appeals may reduce the requirements for off-street parking as set forth in [section 198-47] by not more than fifty percent (50%) upon a finding that the amount of space provided is adequate to reasonably serve the use proposed".

Special Term apparently looked to the 33-parking-space requirement for retail auto parts stores in determining that the variance reducing parking requirements by 20 spaces exceeded the 50% reduction permitted under subdivision A of section 198-49. The Zoning Board of Appeals, however, has construed the ordinance differently, reading subdivision A of section 198-49, together with section 198-45, entitled "Interpretation and modification of requirements". Subdivision C of section 198-45 provides that "[w]here more than one (1) use occupies a building or premises, the parking requirements shall be equal to the sum of the requirements for each use". Under the Zoning Board of Appeals interpretation of the ordinance, the total parking requirements of the various businesses contained in such an

integrated unit as a shopping center must be considered in determining whether a proposed reduction in off-street parking requirements exceeds the 50% limitation. This construction is both reasonable and consistent with the principle of statutory construction that a statute or ordinance should be read as a whole and all parts thereof harmonized to achieve, the legislative purpose (see *Sanders v Winship,* 57 NY2d 391, 395-396; McKinney's Cons Laws of NY, Book 1, Statutes, §§ 97, 98, 130). Moreover, it is well settled that the construction given statutes and regulations by the agency responsible for their administration will be upheld if not irrational or unreasonable (*Matter of Frishman v Schmidt,* 61 NY2d 823, 825; *Matter of Albert v Board of Stds. & Appeals,* 89 AD2d 960, 962; see *Matter of Johnson v Joy,* 48 NY2d 689, 691). Since it was established at the public hearing that a total of 549 parking spaces was required for the shopping center under the Zoning Ordinance and the variance merely reduced such requirements by 20 spaces, or less than 4%, the Zoning Board of Appeals did not exceed its authority by granting the variance.

Finally, we reject petitioners' claim that the decision of the Zoning Board was void because the Board failed to mail notice of the public hearing to owners of adjoining property within 200 feet of the exterior limits of the applicant's total property holding, here the entire shopping center, as required by section 198-112 (subd B, par [2]) of the ordinance. Notice was given by publication but the Board apparently mailed notice only to persons owning property within a radius of 200 feet of the proposed retail auto parts store. However, the notice requirement is not "jurisdictional" in the sense that petitioners seek to use that term (see *Zelenski v Incorporated Vil. of Patchogue,* 51 AD2d 1055; *Matter of Sarah Lawrence Coll. v City Council,* 48 AD2d 897), and the failure to give such special notice does not render the variance granted by the Zoning Board void (see *Matter of Gazan v Corbett,* 278 App Div 953, affd 304 NY 920). In any event, the record reveals that petitioners had actual knowledge of the planned conversion of the subject building and of the impending application for a variance and therefore that they had the opportunity to present their views if they were so inclined. Titone, J. P., Weinstein, Rubin and Boyers, JJ., concur.