■ In the Matter of JOHN BLAIS et al., Individually and on Behalf of the HOOSICK FALLS PRESERVATION COUNCIL, Appellants, v DAVID BEGIN et al., Constituting the Zoning Board of Appeals of the Village of Hoosick Falls, Respondents, and V.H.S. REALTY, Doing Business as CUMBERLAND FARMS, Intervenor-Respondent.—Harvey, J.

V.H.S. Realty submitted an application to the Zoning Board of Appeals of the Village of Hoosick Falls for a conditional use permit and area variances in order to build a Cumberland Farms store and gas station. The Hoosick Falls Zoning Law provides that a gas station is a conditional use in all districts of the village and authorizes the Zoning Board to grant conditional use permits. The location of the proposed store was in an area zoned for commercial activity. The area variances sought by V.H.S. Realty included, *inter alia,* permission to locate a gas station within 200 feet of the gathering place designed for occupation by more than 50 people and a reduction in the required number of parking spaces. These two area variances were approved and a conditional use permit was granted by the Zoning Board.

Petitioners, Marilyn Cottone and John Blais, subsequently commenced this CPLR article 78 proceeding on behalf of themselves and the Hoosick Falls Preservation Council to annul the decision of the Zoning Board. They alleged that the

proposed use would allow the destruction of a historic building and would impair the character and quality of the historic neighborhood. Special Term dismissed the petition on the ground that petitioners lacked standing. This appeal by petitioner Cottone ensued. Special Term held that Cottone lacked standing because she was not an adjoining or nearby resident. However, Cottone is a landowner in the historic district where the proposed Cumberland Farms store would be built and her property is allegedly located approximately 500 feet from the store site. Accordingly, we conclude that Cottone's location did not deprive her of standing (see, Matter of Gaona v Town of Huntington Zoning Bd. of Appeals, 106 AD2d 638, 639; Matter of Prudco Realty Corp. v Palermo, 93 AD2d 837, affd 60 NY2d 656).

We agree, however, with Special Term's conclusion that the petition should be dismissed. It is well established that local Zoning Boards have discretion in considering applications for variances and their determination is upheld if supported by substantial evidence (Matter of Fuhst v Foley, 45 NY2d 441, 444; Matter of Friendly Ice Cream Corp. v Barrett, 106 AD2d 748). Here, the proposed site of the Cumberland Farms store was in an area zoned for commercial activity. Furthermore, the Hoosick Falls Zoning Ordinance allowed gas stations in that area. The Zoning Board articulated sound reasons for allowing area variances regarding the number of parking spaces available and the location of the gas station within 200 feet of a place of public assembly for more than 50 people (an adjacent Elks Club). Once these area variances were granted, the proposed Cumberland Farms store was in compliance with local zoning requirements and thus a conditional use permit was granted. Petitioners failed to show how the area variances in this commercial district will have any effect on the neighborhood. Nor has it been shown that the Zoning Board's determination is not supported by substantial evidence.

Judgment affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.