■ In the Matter of KENNETH J. BAER et al., Respondents, v TOWN OF WATERFORD et al., Appellants.—Appeal from a judgment of the Supreme Court (Brown, J.), entered October 14, 1991 in Saratoga County, which, *inter alia,* granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Zoning Board of Appeals of the Town of Waterford denying petitioners' request for a building permit.

Initially, we reject respondents' contention that Supreme Court should have transferred the proceeding to this Court. The petition sought review of a determination of a town zoning board of appeals; Supreme Court was therefore obligated by statute to dispose of the matter on its merits and to determine all of the issues raised by the pleadings *(see,* Town Law § 267 [7]; *Matter of Kidd-Kott Constr. Co. v Lillis,* 124 AD2d 996).

We nevertheless find that Supreme Court erred in annulling and setting aside the determination of respondent Zoning Board of Appeals of the Town of Waterford denying petitioners' request for a building permit. Petitioners' request was denied due to inadequate road frontage. The applicable zoning

regulations require 100 feet of road frontage and, according to respondents' calculations, petitioners' property had only 85 feet of road frontage. Respondents' calculations were based on deeds to property adjoining petitioners' property as well as field inspections. Respondents chose to reject a subdivision map showing different property dimensions. Although petitioners present legal arguments stating that conflicts between a deed and a lot as shown on a map by which the land is conveyed should be controlled by the map (see, Mazzucco v Eastman, 36 Misc 2d 648, affd 17 AD2d 889), that is not the issue in this case. This is not a proceeding to determine what the boundary lines of petitioners' property were (cf., Thomas v Brown, 145 AD2d 849). Rather, the ultimate issue to be decided is whether respondents' actions were arbitrary and capricious (see, Thayer v Baybutt, 29 AD2d 486, affd 24 NY2d 1018). On the record before respondents, it cannot be said that the determination was arbitrary or that it was not supported by substantial evidence (see, Matter of Fuhst v Foley, 45 NY2d 441).

Finally, as to petitioners' contention with respect to the alleged deficiencies in the notice of public hearing under Town Law § 276 (4), we note that a defect in a notice of hearing does not deprive a municipality of jurisdiction (see, Fairris v Town of Washington Planning Bd., 167 AD2d 368, lv denied 77 NY2d 805). Further, petitioners had actual knowledge of and appeared at the hearing (see, Matter of Ahearn v Zoning Bd. of Appeals, 158 AD2d 801, lv denied 76 NY2d 706; Matter of Gaona v Town of Huntington Zoning Bd. of Appeals, 106 AD2d 638).

Weiss, P. J., Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as annulled the determination of respondent Zoning Board of Appeals of the Town of Waterford denying petitioners' request for a building permit and ordered respondent Building Inspector of the Town of Waterford to issue petitioners a building permit; determination confirmed and petition dismissed; and, as so modified, affirmed.