**30** In the Matter of HUGH BURKE et al., Respondents, v VILLAGE OF COLONIE ZONING BOARD OF APPEALS, Appellant. [604 NYS2d 343] —Casey, J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered December 9, 1992 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul respondent's determination granting area variances.

After a public hearing on Anthony Marrello's application

---

for a use variance, which sought to use the residentially zoned portion of his property as additional parking for the restaurant located on the commercially zoned portion of the property, respondent denied Marrello's application for a use variance and *sua sponte* granted him two area variances: one which relieved him of certain parking requirements and one which relieved him of certain green space requirements. Petitioners, who own a residential lot near Marrello's property, commenced this CPLR article 78 proceeding to annul respondent's determination, claiming that respondent erred in granting two area variances when Marrello did not ask for such relief and the public notice of Marrello's application contained no reference to area variances. Supreme Court held that because the notice substantially differed from the action ultimately taken by respondent, the notice was defective and respondent lacked jurisdiction to grant the area variances. Respondent appeals.

Respondent was required to give "due notice" (Village Law § 7-712 [2] [c]), which should adequately inform the parties and public of the nature of the application *(Matter of Steiner v Board of Appeals,* 63 AD2d 1005, 1007). Respondent gave timely notice of Marrello's application and we agree with respondent that the claimed deficiencies in the notice did not deprive respondent of jurisdiction *(see, Matter of Baer v Town of Waterford,* 186 AD2d 850; *Matter of Gaona v Town of Huntington Zoning Bd. of Appeals,* 106 AD2d 638). Respondent's determination constituted an exercise of discretion which cannot be set aside in the absence of illegality, arbitrariness or abuse of discretion *(Matter of Fuhst v Foley,* 45 NY2d 441, 444), and judicial review of the determination "is subject to the limitation that courts may not interfere with decisions enjoying a rational basis, supported by substantial evidence in the record" *(Matter of Doyle v Amster,* 79 NY2d 592, 596). It is in the application of this limited scope of judicial review to the circumstances of this case that we find the claimed deficiencies in the notice of public hearing to be relevant.

The notice refers only to an application for a variance to enable Marrello to increase his parking area in a residentially zoned area, and at the beginning of the hearing, respondent's chairperson described the application as one for a use variance. The standards to be considered in deciding whether to grant a use variance differ substantially from those applicable when considering an area variance application *(compare, Matter of Sheeley v Levine,* 147 AD2d 871, 872, *with Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, 139-140, *affd* 67

NY2d 702). Although respondent's chairperson suggested that Marrello might be better served by seeking an area variance from the parking requirements of the zoning ordinance and asked one of the restaurant's neighbors to comment on the concept of an area variance, the testimony at the hearing focused almost exclusively on the elements necessary for a use variance. Respondent never advised the public that it would consider granting area variances to Marrello, never asked Marrello if he wanted area variances and, except for the isolated question from respondent's chairperson, never asked for evidence relevant to the standards applicable to area variances. It is also significant that when asked whether Marrello could operate the proposed new configuration of a banquet facility and restaurant with the existing parking, Marrello's representative said, "I don't think so", and explained that the existing parking was often inadequate for the restaurant alone. In fact, Marrello had twice unsuccessfully sought a use variance to expand the parking for his restaurant before making the subject request in conjunction with his decision to add a banquet facility.

Respondent decided to grant the area variances upon the theory that an application for a use variance necessarily includes a request for the "lesser relief" of an area variance. Assuming that this theory is correct, we conclude that, in the circumstances of this case, respondent's determination to grant area variances was arbitrary and capricious because of the failure to give proper notice of its intent to consider such "lesser relief" and the failure to give the public and the applicant an opportunity to present evidence specifically tailored to address the standards applicable to an area variance request. As a result, the hearing focused on the propriety of a use variance and produced insufficient evidence to provide the necessary rational basis to support respondent's determination to grant area variances, particularly in view of the evidence that the existing parking was not adequate to serve Marrello's expanded needs. Supreme Court, therefore, correctly annulled the determination.

Mercure, J. P., White and Mahoney, JJ., concur. Ordered that the judgment is affirmed, without costs.