■ In the Matter of ARTHUR W. CIPPERLEY, Appellant, v TOWN OF EAST GREENBUSH, Respondent. [623 NYS2d 967] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered November 22, 1993 in Rensselaer County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent's Town Board adopting Local Laws, 1992, No. 3 of the Town of East Greenbush.

Petitioner, a resident of respondent, owns property in an area classified under the Town Zoning Law as a Residential-Agricultural (hereinafter R-A) district. In 1990, petitioner entered into an agreement with a mining company, which thereafter applied to the Department of Environmental Conservation for a mining permit and to respondent for a special permit to operate a mine on approximately 26 acres of petitioner's farm. On December 9, 1992, while the latter application was still pending, respondent's Town Board passed Local Laws, 1992, No. 3 of the Town of East Greenbush (hereinafter the zoning amendment), which amended the zoning law to prohibit extractive and mining operations, formerly allowed by special permit, in R-A districts. In this proceeding, petitioner contends that, inasmuch as respondent failed to comply with provisions of the Town Law and its own zoning law with respect to notice of a public hearing (see, e.g., Town Law § 264 [2]), the requirement that zoning regulations be made in accordance with a comprehensive plan (see, Town Law § 263), and the mandates of the State Environmental Quality Review Act (see, ECL art 8) (hereinafter SEQRA), its passage of the zoning amendment was arbitrary and capricious, and the amendment must therefore be declared void and of no effect. Supreme Court denied the relief sought, prompting this appeal by petitioner.

While petitioner's contentions with regard to SEQRA compliance and the zoning amendment's conformity to respondent's comprehensive zoning plan are unconvincing *(see, Matter of Har Enters. v Town of Brookhaven,* 74 NY2d 524, 530; *Matter of Burchetta v Town Bd.,* 140 Misc 2d 1050, 1057-1058, *affd* 167 AD2d 339; *see also, Matter of Lazore v Board of Trustees,* 191 AD2d 764, 767), there is merit to his assertion that respondent failed to properly notify nearby municipalities of the public hearing held with respect to the amendment *(see,* Town Law § 264 [2] [b]; § 265 [1]). In response to petitioner's argument in this regard, respondent claims that the publication of a notice of the hearing in three area newspapers constituted "substantial compliance" with the statutory requirement, and that, in any event, petitioner suffered no prejudice as a result of the alleged deficiency because he was present and voiced his opinions at the hearing.

As a preliminary matter, we note that petitioner may contest the validity of the zoning amendment because of respondent's noncompliance with the notice provisions, even if he is unable to show actual prejudice resulting from the lack of notice *(see, Town of Lima v Slocum Enters.,* 38 AD2d 503, 506). And although respondent's admitted failure to comply precisely with the statutory provisions might be considered harmless, and excusable as a mere irregularity, if in fact the neighboring municipalities were shown to have received actual notice of the hearing, no such proof was proffered. Actual notice cannot be assumed merely from the publication that occurred here, and although notice might be reasonably inferred if it were shown that municipal representatives had attended the hearing *(cf., Woodside Estates Civic Assn. v Town of Brookhaven,* 105 AD2d 744), the averment by respondent's supervisor, made on information and belief, that "public officials of other neighboring municipalities" were present, does not establish that each of the municipalities to which notice should have been sent was indeed represented. In view of respondent's failure to comply with the statutorily mandated procedure for amending a zoning law, and its inability to demonstrate that its lack of compliance was inconsequential, the petition should have been granted *(see also, Bohan v Town of Southampton,* 227 NYS2d 712, 716-717).

Cardona, P. J., Mikoll, White and Casey, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, determination annulled and petition granted.