■ In the Matter of ROGER KUHN et al., Respondents, v TOWN OF JOHNSTOWN et al., Appellants. [669 NYS2d 757] —Spain, J. Appeal, by permission, from an order of the Supreme Court (Ferradino, J.), entered December 11, 1996 in Fulton County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, denied respondents' motion to dismiss the petition as time barred.

The facts in this matter are not in dispute. On July 18, 1994, respondent Town Board of the Town of Johnstown in Fulton County was presented with a new zoning law that would replace a prior zoning law enacted in 1975 (hereinafter the 1975 ordinance). The proposed changes purported to replace the 1975 ordinance with a new law which would, inter alia, modify existing zoning districts and boundaries, including reclassifying petitioners' property and property adjacent thereto from residential to industrial manufacturing. On September 1, 1994, a public notice was published in the local newspaper which stated that a public hearing was scheduled for September 15, 1994 to allow public comment on the proposed changes and on the day scheduled the public hearing was held; notably, only two people spoke and neither voiced an objection to the proposal. Subsequent to the public hearing the

Town Board issued a notice of determination of negative declaration under the State Environmental Quality Review Act (ECL art 8) and, thereafter, adopted Local Laws, 1994, No. 3 of the Town of Johnstown (hereinafter Local Law No. 3), which purported to change petitioners' zoning classification from residential to industrial manufacturing.

Petitioners claim it was not until late November 1995 that they discovered their properties had been rezoned when they were notified about an industrial park being proposed adjacent to their lands on property which also had been zoned residential. Petitioners expressed their opposition to the rezoning and the procedure used to adopt Local Law No. 3; they attended Town meetings and also petitioned respondents to change the zoning classification of their properties as well as the proposed industrial park property back to residential. On April 30, 1996, respondents enacted Local Laws, 1996, No. 2-96 of the Town of Johnstown which reclassified petitioners' land back to residential; however, the new local law failed to reclassify the land slated for use as an industrial park.

Thereafter, petitioners commenced this combined declaratory judgment action and CPLR article 78 proceeding seeking to annul the actions of respondents in adopting Local Law No. 3 which amended the 1975 ordinance contending, *inter alia*, that respondents failed to notify each petitioner of the proposed zoning changes in violation of the notice provisions of the 1975 ordinance. Petitioners also alleged that very little information regarding the nature of the proposed zoning changes was provided in the September 1, 1994 public notice and that there was no reference to the fact that the then-current zoning classifications, district boundaries and allowable uses of their property and adjacent lands would be altered. Respondents moved to dismiss on grounds that the action/proceeding was barred by the Statute of Limitations and laches (*see*, CPLR 3211, 7804 [f]). Supreme Court denied the motion based, *inter alia*, on respondents' failure to provide written notice to each property owner of land affected and the lack of detail in describing the proposed zoning change in the public notice. Respondents sought and received permission to appeal.

We affirm. Article XI, § 40 of the 1975 Zoning Ordinance provides, in relevant part, as follows: "Before any amendment, supplement, or change in the regulations or district boundaries, there shall be a public notice and hearing thereon as provided by law. Such hearing may be held by the Town Board, by a committee of the Board, or by the Planning Board on request of the Town Board. *In addition to the public*

*notice of a hearing, notice shall be giving [sic] in writing to all property owners of the land included in such proposed change,* and the land immediately adjacent * * * as said property owners and addresses appear on the latest completed assessment roll of the Town" (emphasis in original). It is uncontroverted that respondents failed to follow their own notice procedures in this matter. The record reveals that all seven petitioners submitted affidavits claiming that they were never sent written notice from respondents informing them that their property was under consideration to be rezoned; significantly, respondents do not deny this fact. It is well settled that municipalities are required to follow their own notice statutes (*see, Matter of Cipperley v Town of E. Greenbush*, 213 AD2d 933, 934; *Matter of Bartholomay v Zoning Bd. of Appeals*, 70 AD2d 784). Furthermore, an ordinance which is adopted without following the required notice procedures is a voidable ordinance (*see, Matter of Ireland v Town of Queensbury Zoning Bd. of Appeals*, 169 AD2d 73, *lv dismissed* 79 NY2d 822) and proof that actual notice never occurred may void it altogether (*see, Matter of Cipperley v Town of E. Greenbush, supra*, at 933). We agree with Supreme Court's determination that respondents' noncompliance was grievous and that no Statute of Limitations bars this action/proceeding (*see, Matter of McCartney v Incorporated Vil. of E. Williston*, 149 AD2d 597, 597-598; *see also, Matter of Spinosa v Ackerman*, 98 Misc 2d 1073, 1078).

We also reject respondents' contention that petitioners' case is barred by laches. In order to invoke the doctrine of laches, "a party must show: (1) conduct by an offending party giving rise to the situation complained of, (2) delay by the complainant in asserting his or her claim for relief despite the opportunity to do so, (3) lack of knowledge or notice on the part of the offending party that the complainant would assert his or her claim for relief, and (4) injury or prejudice to the offending party in the event that relief is accorded the complainant" (*Cohen v Krantz*, 227 AD2d 581, 582; *see, Dwyer v Mazzola*, 171 AD2d 726, 727). Here, the record amply supports the conclusion that, upon discovery, petitioners quickly notified respondents questioning the validity of Local Law No. 3 which reclassified their properties. Petitioners were most assertive in their efforts and made attempts to resolve this matter without judicial intervention; however, when those efforts were not fruitful petitioners commenced this litigation. In our view, from the time petitioners were first made aware of Local Law No. 3 to the time petitioners commenced this matter can hardly be considered enough time to dismiss the case based on the doc-

trine of laches under these circumstances (*see, id.*), especially where, as here, the record fails to show any substantial prejudice such as the start of any meaningful construction by a developer (*see, Dougherty v City of Rye*, 63 NY2d 989; *Matter of Caprari v Town of Colesville*, 199 AD2d 705).

Mercure, J. P., Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.