■ In the Matter of PLANNED PARENTHOOD OF NASSAU COUNTY, INC., Appellant, v TOWN BOARD OF THE TOWN OF OYSTER BAY et al., Respondents. [781 NYS2d 354]—

In a proceeding pursuant to CPLR article 78 to review a resolution of the Town Board of the Town of Oyster Bay, dated July 30, 2002, which, after a hearing, granted the application of Mother & Unborn Baby Care of L.I., Inc., to remove a restrictive covenant on its property, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Winslow, J.), dated March 7, 2003, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner maintains that the resolution of the Town Board of the Town of Oyster Bay (hereinafter the Town Board), which removed a restrictive covenant on certain property located across the street from its property, was arbitrary and capricious. The covenant at issue prohibited use of the second floor of the subject property for any purpose other than for storage. The present owner of the subject property, the respondent Mother & Unborn Baby Care of L.I., Inc., sought to remove the covenant in order to use the second floor for office and conference room space.

The petitioner, as a neighboring property owner, has standing to bring this proceeding (see Town Law § 267-c [1]; Matter of Duke & Benedict v Town of Southeast, 253 AD2d 877 [1998]; Matter of Prudco Realty Corp. v Palermo, 93 AD2d 837 [1983], affd 60 NY2d 656 [1983]). However, contrary to the petitioner's contention, a reasonable interpretation of the language of the covenant does not require the Town Board to obtain the petitioner's consent before its removal of the subject covenant.

The Town Board's resolution should not be disturbed since it was rational, not arbitrary or capricious, and supported by substantial evidence in the record (see CPLR 7803 [4]; Matter of Ifrah v Utschig, 98 NY2d 304, 308-309 [2002]; Matter of Sasso v Osgood, 86 NY2d 374, 384-386 [1995]).

The parties' remaining contentions are without merit. Prudenti, P.J., Ritter, Cozier and Skelos, JJ., concur.