◼ In the Matter of RODNEY JONES et al., Appellants, v ZONING BOARD OF APPEALS OF TOWN OF ONEONTA et al., Respondents. [879 NYS2d 592]—

Peters, J.P. Appeal from a judgment of the Supreme Court (Dowd, J.), entered May 9, 2008 in Otsego County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Zoning Board of Appeals of the Town of Oneonta granting respondent Larry Place's request for a use variance.

Respondent Larry Place inherited property adjacent to petitioners in the Town of Oneonta, Otsego County. Both properties are in a RA-40 zone, wherein the permitted uses are largely residential and agricultural. Place's property contains a half-century-long inactive and unreclaimed sand and gravel mine. In February 2007, Place applied for a special use permit to allow mining on the property, which was denied. He thereafter applied to respondent Zoning Board of Appeals of the Town of Oneonta for a use variance. Following a hearing, the Board granted the use variance, prompting this proceeding by petitioners seeking its annulment. Concluding that adequate notice of the hearing had been provided and that the Board's determination was supported by substantial evidence, Supreme Court dismissed the petition, and this appeal by petitioners ensued.

We find merit in petitioners' assertion that the failure to provide proper notice of the hearing to both the general public (*see* Town Law § 267-a [7]; Code of Town of Oneonta § 103-85 [C]) and to petitioners personally (*see* Code of Town of Oneonta § 103-85 [C]) requires annulment of the use variance. To satisfy the public notice requirement of the Town Law or a corresponding local law, the notice "should not mislead" (*Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 678 [1996]; *see Matter of McGrath v Town Bd. of Town of N. Greenbush*, 254 AD2d 614, 617 [1998], *lv denied* 93 NY2d 803 [1999]; *Reizel, Inc. v Exxon Corp.*, 42 AD2d 500, 504 [1973], *affd* 36 NY2d 888 [1975]), must be "clear and unambiguous" and, "[w]here there is doubt as to the sufficiency of the notice, such doubt will be resolved against the notice" (*Matter of Gardiner v Lo Grande*, 92 AD2d 611, 612 [1983], *affd* 60 NY2d 673 [1983] [internal quotation marks and citations omitted]; *see Coutant v Town of Poughkeepsie*, 69 AD2d 506, 511-512 [1979]). When a hearing on a variance application is scheduled by a zoning board, public notice of the hearing must be furnished (*see* Town Law § 267-a [7]; Code of Town of Oneonta § 103-85 [C]). Here, the published notice stated that the hearing concerned a use variance for the "Larry Place Mine Permit 1715 State Hwy 205 Tax Parcel No: 274.00-2-36.01." While the notice lists the tax parcel number

correctly, the address of the property that is the subject of the hearing, 765 State Highway 205, is not the address given in the notice.[1] At the very least, this error rendered the notice ambiguous as to the property that was the subject of the hearing such that it could have "misl[ed] interested parties into foregoing attendance at the public hearing" (*Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d at 678). In our view, this defect was fatal (*see P & N Tiffany Props., Inc. v Village of Tuckahoe*, 33 AD3d 61, 63 [2006], *appeal dismissed* 8 NY3d 943 [2007]; *41 Kew Gardens Rd. Assoc. v Tyburski*, 124 AD2d 553, 554 [1986], *lv denied* 68 NY2d 612 [1986]).[2]

Turning to the issue of personal notice, petitioners had a right to notice of the hearing originating in the Town Code, and the extent of that right "is measured by its terms" (*Ottinger v Arenal Realty Co.*, 257 NY 371, 379 [1931]). Moreover, when a municipality has enacted its own notice provisions, those provisions must be followed (*see Matter of Kuhn v Town of Johnstown*, 248 AD2d 828, 830 [1998]). The Code of the Town of Oneonta provides that, "[a]t least 10 days before [the Board's] hearing, the applicant shall serve the notice of such hearing and an explanation of the variance . . . sought to all property owners within 200 feet of the subject property either by certified mail, return receipt requested, or by personal delivery evidenced by a receipt signed by such property owner. Such notices shall be sent to the last known address as shown by the most recent town tax records" (Code of Town of Oneonta § 103-85 [C]). The notice intended for petitioners was mailed to a former address, returned to Place with a notation that the forwarding order had expired and no further attempt to provide notice to petitioners was undertaken. The record indicates that petitioners' outdated address was provided by the Town's Code Enforcement Office and that petitioners had been receiving their tax bills at their present address for more than three years before the notice of hearing was mailed. Consequently, petitioners were not provided notice as required under the Town Code (*see Matter of Kuhn v Town of Johnstown*, 248 AD2d at 830). Furthermore, while a failure to provide actual notice to one who would be entitled to notice pursuant to statute, ordinance, rule or regulation may not be fatal if the enumerated procedures are complied with (*see Ottinger v Arenal Realty Co.*, 257 NY at 381-382), such was not the case here.

---

**1.** The address given in the notice was apparently that of Place's residence in the Town of Laurens, Otsego County.

**2.** Our conclusion that this notice was confusing and misleading is reinforced by the Board's decision granting the use variance, wherein it identified the subject property by the erroneous address.

Nor was the failure cured by petitioner Rodney Jones' appearance at and participation in the hearing. Approximately two hours before it was to commence, Rodney Jones discovered that the hearing was due to be held. He appeared at the hearing, raised the issue of notice and voiced objections to the application before the Board voted to grant the use variance. Petitioner Bonnie Jones did not become aware of the hearing until after it was concluded. As the Town Code required notice "[a]t least 10 days" before the hearing, the two hours' notice to Rodney Jones and wholesale failure of notice to Bonnie Jones deprived petitioners of the opportunity to meaningfully participate in the hearing and frustrated the purpose and intent of the notice requirement. Although, under certain circumstances, defective notice may be cured by actual notice and an appearance at the hearing (*see Matter of Baer v Town of Waterford*, 186 AD2d 850, 851 [1992]; *Matter of Ahearn v Zoning Bd. of Appeals of Town of Shawangunk*, 158 AD2d 801, 802 [1990], *lv denied* 76 NY2d 706 [1990]), the prejudice accruing to petitioners here was not obviated by Rodney Jones' appearance and participation.[3]

Accordingly, in light of the defective public notice and the failure to provide petitioners with personal notice of the hearing as required under the Town Code, we find that Supreme Court erred in failing to grant the petition and annul the Board's determination. In light of our decision, we need not reach the remaining issues raised by petitioners.

Lahtinen, Kavanagh and Stein, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, petition granted and determination annulled.

---

3. Our concerns over the inadequacy of notice here are further heightened by the fact that the hearing was sparsely attended; Rodney Jones was the only member of the public to participate. Moreover, it appears from the record before us that even those neighbors who received the personal notice that the Town Code requires were provided with a notice that failed to list a date or time for the hearing.