MICHELE ALFONSO, Plaintiff, *v.* MARIA GABRIELLE ALFONSO, Defendant.

(Supreme Court, Kings Special Term, April, 1917.)

Process — service of, must be in the English language — publication — actions — divorce — when application for judgment denied — Code Civ. Pro. § 22.

Under section 22 of the Code of Civil Procedure all process, records, pleadings and proceedings in our courts "must be in the English language," and service of the summons by publication, in an action for divorce, in a newspaper printed entirely in the Italian language, is ineffectual though both parties to the action are Italians; and where the action is uncontested plaintiff's application for judgment must be denied and the complaint dismissed.

APPLICATION for judgment in an uncontested action for divorce.

True P. Pierce, for plaintiff.

No appearance for defendant.

KAPPER, J. In this, an uncontested action for divorce, service of the summons was attempted to be made upon the defendant by publication. The order of publication named two newspapers, one of which is published in the Italian language. The proof of publication before the court shows the summons and notice to have been printed entirely in Italian. The court intimated on the taking of proofs affecting the merits of the plaintiff's charges that the publication in question was insufficient. Counsel for plaintiff insists that, as the parties are Italians, such publication " most likely " gave notice to the defendant, as

section 440 of the Code of Civil Procedure expresses it. But this requires the impermissible assumption that the defendant, if she is at all able to read, does so in Italian, and furthermore requires the acceptance of proof through an interpreter that the summons was correctly printed which would be allowable only if a summons may be published in a foreign language. The question of the publication of a summons in a foreign language does not seem to have been presented for decision, either in this or any other state, so far as my research goes, and so far as counsel have been enabled to aid the court, but I think it must be decided that such a publication is ineffectual. All process, records, pleadings and proceedings in our courts " must be in the English language." Code Civ. Pro. § 22. The form of the summons is expressed in section 418 of the Code, and the language of the notice to accompany the summons when published is stated in section 442. In such an action as this, final judgment cannot be rendered upon defendant's default in appearance unless the published summons is accompanied by the words " Action for a divorce." Code Civ. Pro. § 1774. In none of these statutory requirements is there any indication that there can be any substitute for the English language of the statutes and which section 22, *supra,* expressly requires to be adopted.

As well might it be claimed that *personal* service of a summons written in a foreign language is good service, for due publication is due service, and the error in the one case is equally obvious in the other.

It may be that the justice in making the order of publication had the discretion to designate this foreign language newspaper as one " most likely to give notice to the defendant," but the publication should have been in English. This was the ruling in a Wisconsin case (*Wakeley* v. *Nicholas,* 16 Wis. 588), where publica-

tion of a summons in English in a German newspaper was held good.

The application for judgment must be denied, and the complaint dismissed.

Application denied.