Charles Garlen et al., Plaintiffs, *v.* City of Glens Falls et al., Defendants.

Supreme Court, Special Term, Warren County, July 12, 1962.

*Frank Hurley* for plaintiffs. *James T. Donnelly* for defendants.

Michael Sweeney, J. The plaintiffs and the defendants have brought separate motions pursuant to rule 113 of the Rules of Civil Practice for summary judgment. The action itself is a taxpayer's action seeking to enjoin and restrain defendants from establishing a schedule of pay raises for certain elective officials of the City of Glens Falls.

The facts out of which the controversy arose are not in dispute and are substantially as follows: Prior to 1949 the City Charter of the City of Glens Falls (L. 1908, ch. 29) prohibited the increasing of salaries of elected and appointed officials during any fiscal year. At that time (and at the present time) section 25 of the General City Law also prohibited the increasing of the compensation of city officials during any fiscal year after the salaries have been fixed by the budget. In 1949 the City of Glens Falls adopted Local Law No. 1 which provides as follows:

"A local law to supersede every provision inconsistent herewith of existing charter of the city of Glens Falls known as chapter twenty-nine of the laws of nineteen hundred eight and all amendments thereto and section twenty-five of the General City Law being chapter twenty-six of the laws of nineteen hundred nine entitled, 'An act in relation to cities, constituting chapter twenty-one of the Consolidated Laws,' as amended by chapter six hundred and four of the laws of nineteen hundred twenty-three, insofar as such section applies to the city of Glens Falls.

"*Be it enacted by the common council of the city of Glens Falls, as follows*:

"Section 1. The power of the common council and of the several departments and boards of the city of Glens Falls to fix the compensation of any office or position is hereby extended to include the power to increase during any fiscal year the compensation of any officer or person paid out of the treasury of the city of Glens Falls. Such increased compensation may be made after such salary or compensation shall have been fixed and provided for in the budget of the city for the fiscal year.

" § 2. This law shall supersede every provision inconsistent herewith of the existing charter of the city of Glens Falls, known as chapter twenty-nine of the laws of nineteen hundred eight and all amendments thereto and section twenty-five of the General City Law being chapter twenty-six of the laws of nineteen hundred nine entitled, ' An act in relation to cities, constituting chapter twenty-one of the Consolidated Laws,' as amended by chapter six hundred and four of the laws of nineteen hundred twenty-three insofar as such section applies to the city of Glens Falls.

" § 3. This local law shall take effect immediately." Thereafter a resolution was passed by the Common Council increasing the salaries of certain officials, including elective officers, which took effect February 7, 1949.

On April 18, 1962 the Common Council, solely by a resolution, again increased the salaries of certain officials, including elective officers. It is this last increase in salaries that the plaintiffs seek to enjoin.

It is the contention of plaintiffs that an increase in the salary of an elected official during his term cannot be provided for by a mere resolution of the Common Council; that amending the City Charter by passing Local Law No. 1 back in 1949 gave the Common Council no authority to increase by resolution the salaries of elective officers during their terms in 1962. They further contend that the only way an increase in salary of an elective officer during his term can be effected is by the enactment of a new local law subject to permissive referendum.

Defendants contend that once the City Charter had been amended by the enactment of Local Law No. 1 in 1949, increases in compensation in the future may be provided merely by a resolution of the Common Council, and it is unnecessary to proceed by enactment of a local law subject to permissive referendum each and every time an increase is desirable.

In the instant case, the City of Glens Falls, by passing Local Law No. 1 of 1949 intended to accomplish two things: (1) to remove the restriction in its City Charter against increasing compensation of elected or appointed officials, and (2) to supersede section 25 of the General City Law containing the prohibition against increasing the compensation of any city office or position during any fiscal year after such compensation has been fixed by the budget.

The authority to supersede section 25 of the General City Law and amend the City Charter is derived from section 11 of the City Home Rule Law. However, section 11 of the City Home

Rule Law is subject to the further restrictions of sections 16 and 17 of this statute which apply specifically to the increasing of the salary of an elective officer during his term of office. The City Home Rule Law contemplates two distinct situations, i.e., (1) the increase of salaries of nonelected officials and employees during any fiscal year, and (2) the increase of salaries of elective officers during their terms of office. This statute also prescribes the method of increasing the compensation in each situation. It was for the purpose of increasing the compensation of all individuals serving the City of Glens Falls and paid out of the treasury of the city that Local Law No. 1 of 1949 was passed. This would include the elective officers.

Once section 25 of the General City Law has been superseded by local law pursuant to section 11 of the City Home Rule Law it is done for all time, and to thereafter increase salaries of nonelected officials and employees during any fiscal year after such have been fixed by the budget merely requires the passage of a resolution by the Common Council. I feel that the same applies to the increasing of salaries of elective officers during their terms of office, except, of course, that when this is done initially sections 16 and 17 of the City Home Rule Law must be followed. Once this procedure is followed and the Common Council has the authority to increase the salaries of elected officers during their terms, it is not necessary to have a permissive referendum for future increases. Assuming Local Law No. 1 of 1949 was legally adopted I conclude that the City of Glens Falls in 1949 had the authority to enact a local law, not only to increase the salaries of nonelected officials during a fiscal year after such had been fixed by the budget, but also to increase the salaries of elective officers during their terms of office, which local law would supersede for all time section 25 of the General City Law and all salaries could be increased in the future by resolution without further application of sections 16 and 17 of the City Home Rule Law providing for permissive referendum.

The plaintiffs, however, contend that Local Law No. 1 of 1949 was not properly adopted. It is their contention that the notice given to the public did not contain the substance of what was proposed by Local Law No. 1 of 1949, and furthermore, that the procedural requirements of section 13 of the City Home Rule Law were followed, instead of those of sections 16 and 17. I feel that the passage of any local law requires compliance with section 13. (*Matter of Noonan* v. *O'Leary,* 206 Misc. 175, 180.) Section 13, subdivision 5 provides for the notice to be given to the public. In the instant case the notice provided as follows:

"Notice is hereby given that a public hearing before the Mayor will be held in the Council Chambers in City Hall in the City of Glens Falls, New York, on the 28th day of January 1949 at 10 A.M., concerning Local Law #1 for 1949, entitled A Law to Supersede Every Provision Inconsistent herewith of existing Charter of the City of Glens Falls, known as Chapter 29 of the Laws of 1908 and all amendments thereto and Section 25 of the General City Law, being Chapter 26 of the Laws of 1909 entitled ' An Act in Relation to Cities Constituting Chapter 21 of the Consolidated Laws '. As amended by Chapter 604 of the Laws of 1923, in so far as such section applies to the City of Glens Falls.

"Dated: January 20, 1949, Fred E. Bazinet, City Clerk."

This notice specifically refers to the various sections to be amended and identifies the superseding local law. Any taxpayer who desired to check these sections would be apprised of the fact that an increase in the salaries of elective officers during their terms of office was contemplated. One is presumed to know the law, and, therefore, he would be apprised of the right of filing a petition for a referendum pursuant to section 16 of the City Home Rule Law in order to object to this change. Nothing in addition is required in this notice, and consequently there was no obligation to refer to the fact that the passage of this local law was subject to a permissive referendum. The procedural steps taken pursuant to either of these sections, that is, section 13 or section 16, are the same up to the point in section 16 when a petition may be filed within the 45-day period provided. Since there was concededly no petition filed for a referendum after the notice was given in this case, nothing further was required than provided by section 13. Therefore, I conclude that there is no merit to these latter contentions of the plaintiffs.

I feel that the Common Council took the necessary procedural steps to the enactment of Local Law No. 1 of 1949 and thereby could increase the salaries in 1962 merely by a resolution of the Common Council.

Other objections have been raised to the enactment of Local Law No. 1 of 1949, all of which have been examined which in my opinion are not sufficient to invalidate same.

Therefore, plaintiffs' motion for summary judgment is denied. The defendants' motion for summary judgment is hereby granted.