CHARLES GARLEN et al., Appellants, *v.* CITY OF GLENS FALLS et al., Respondents.

Third Department, November 30, 1962.

*Frank Hurley* for appellants.

*James T. Donnelly* for respondents.

TAYLOR, J. The Common Council of the City of Glens Falls adopted Local Law No. 1 for 1949 pursuant to section 11 of the City Home Rule Law. The enactment extended the power of the Council and the several departments and boards of the city to increase during any fiscal year the compensation of any officer or person paid out of the municipal treasury. It also superseded the inconsistent provisions of the existing City Charter which interdicted an increase of the salaries of elective and appointive officials during any fiscal year and those of section 25 of the General City Law, applicable to the city, which prohibited the increasing of the compensation of city officials during a fiscal year after the salaries had been fixed in the budget.

The local law came within the provisions of subdivision 8 of section 17 of the City Home Rule Law and was subject to the permissive referendum provided by section 16 thereof if within 45 days after its adoption a remonstrative petition signed and authenticated by the necessary number of qualified electors of the city was filed with the City Clerk. It is conceded that no such petition was filed and undisputed that no referendum of the voters thus was necessary. In this context subdivision 5 of section 13 of the City Home Rule Law mandated that before its approval by the Mayor of the city a public hearing thereon was required to be had before him upon notice to the public as therein prescribed.

On three occasions subsequent to the enactment of the local law the Common Council by resolution invoked the power conferred, the last of which effective May 7, 1962 increased the salaries of six of its elective officers. The plaintiffs suing as taxpayers sought a declaration annulling this resolution and other implementary relief. Special Term granted defendants' cross motion for summary judgment and this appeal followed.

The appellants primarily attack the validity of the resolution in question upon the ground that the 1949 local law was not legally adopted in that the published notice of the public hearing conducted thereon by the Mayor was inadequate to inform the citizenry that the enactment provided a basis for increasing the compensation of its elective officials during their terms of office. The statute does not prescribe the precise form or content of the required notice. Its function, of course, was to advise the public of the subject matter of the legislation in order that interested persons might attend the hearing and urge their objections to the approval of the legislation.

We think that the Mayor was not remiss in complying with the notice provisions of the statute. The published notice was neither deceptive, misleading nor framed to give a false concept of the text or intent of the local law. That the public hearing would bear upon the question of the recently-adopted enactment was expressly stated. Further announcement was made of its purpose to supersede the existing inconsistent provisions of the City Charter and section 25 of the General City Law insofar as it applied to the municipality, each of which the notice identified by chapter number and date of passage and the latter by its title also. Sufficient clues were thus provided to charge a fairly alert elector with notice of a hearing to be held in respect to the previously adopted amendatory local legislation whose intent reasonably was revealed to relate to a change in the corporate powers of the city. An interested citizen so advised could readily

inspect, if he desired particularization, its complete subject matter at the office of the City Clerk. "The law does not guarantee the efficacy of its processes to carry notice home to every interested mind." (*Ottinger* v. *Arenal Realty Co.*, 257 N. Y. 371, 379.) Expressions similar to those employed in the instant notice have been deemed to suffice analogous constitutional and statutory requirements. (N. Y. Const., art. III, § 15; City Home Rule Law, § 13, subd. 3; *Matter of Yaras* [*City of Albany*], 283 App. Div. 214, affd. 308 N. Y. 864; *Harris* v. *People*, 59 N. Y. 599.) We conclude that the local law was validly enacted.

The action of the Common Council is further challenged upon the ground that the salaries of the elective officials were increased improperly during their terms of office by a mere resolution of the Common Council. On the occasion when it was deemed advisable to effect such, they argue that an additional local law for 1962 subject to a permissive referendum was required to be enacted. We find nothing in the terms or spirit of the implementing statute (§ 11) which suggests that the Legislature intended this piecemeal exercise of the powers granted to cities by article IX of the State Constitution.

It appears that the municipal dispersing officer paid the salary increases granted in 1949 after its enactment but before the local law took effect. (§ 16.) This was purely an inadvertent ministerial act which in no way affected its validity.

The order and judgment appealed from should be affirmed, without costs.

BERGAN, P. J., COON and GIBSON, JJ., concur.

Order and judgment affirmed, without costs, and interim stay vacated.