■ FREDERICK J. MARTIN, JR., Individually and as a Member of the Board of Supervisors of Westchester County, et al., Appellants-Respondents, v. JOHN E. FLYNN, as Mayor of the City of Yonkers, et al., Respondents-Appellants.— In an action to declare illegal and void Local Law No. 22 of the 1962 Local Laws of the City of Yonkers, adopted by the Common Council of the City of Yonkers, the parties cross-appeal as follows from an order of the Supreme Court, Westchester County, dated April 11, 1963, and from the resettled order of the same court, dated April 29, 1963: (1) Plaintiffs appeal from so much of said orders as denied their motions pursuant to the Rules of Civil Practice: (a) to strike out the defenses contained in defendants' answer (rule 109); (b) for judgment on the pleadings as to the first, second and fifth causes of action alleged in the complaint (rule 112); and (c) for summary judgment on the third, fourth and fifth causes of action (rule 113). (2) Defendants appeal from so much of said orders as denied their cross motions for summary judgment dismissing the third, fourth and fifth causes of action and for judgment on the pleadings dismissing the complaint (Rules Civ. Prac., rules 112 and 113). Appeals from order of April 11, 1963 dismissed as academic; that order was superseded by the subsequent resettled order. Resettled order, insofar as appealed from by plaintiffs, affirmed, without costs; and, insofar as appealed from by defendants, reversed, without costs; and defendants' said cross motions granted and complaint dismissed. In our

opinion, the statutory notice given in the case at bar was a proper notice in contemplation of law (cf. *Bramley* v. *Miller*, 270 N. Y. 307; *Salducco* v. *Etkin*, 268 N. Y. 606). The inaccurate printing of certain words, if not misleading, does not invalidate the publication (5 McQuillin, Municipal Corporations [3d ed.], p. 306). Moreover, the notice was properly given pursuant to the requirements of subdivision 5 of section 13 of the City Home Rule Law (*Neils* v. *City of Yonkers*, 38 Misc 2d 691). We further conclude that the action of the majority of the members of the council in terminating the hearing in this case was not arbitrary or capricious, and that a reasonable opportunity was afforded for the presentation to and consideration by the council of complete data and arguments for and against the proposed local law (cf. *Miner* v. *City of Yonkers*, 19 Misc 2d 321, affd. 9 A D 2d 907, motion for leave to appeal denied, 8 N Y 2d 784). Hence, there are no issues of fact for determination at a trial. Christ, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.