James H. Boomer, J.
Plaintiff has applied for judgment of divorce upon default of the defendant in appearing. Service of the summons was made by publication, but the first publication of the summons was not made within 20 days after the granting of the order of publication as required by subdivision (c) of CPLR 316. Plaintiff’s attorney 'asks that the failure to publish timely be deemed a mistake within the meaning of CPLR 2001 and be disregarded or corrected, especially since the first publication was only three days late.
“ No rule or measure has ever been devised by which we may determine in every case, with definitezeertainty, whether a defect is jurisdictional or is a mere irregularity which may be disregarded or amended. ” (Valtz v. Sheepshead Bay Bungalow Corp., 249 N. Y. 122, 134). However, concerning service by publication, “ Unimportant and unessential variations from the form of notice prescribed not affecting the substantial rights of the defendant are irregularities which may be cured by amendment pursuant to general authority of the court to amend a process, pleading or other proceeding in furtherance of justice.” (Mishkind-Feinberg Realty Co. v. Sidorsky, 189 N. Y. 402, 406). Failure to file proof of service before judgment is an irregularity and not a jurisdictional defect “ ‘it is the fact of service which gives the court jurisdiction, — not the proof of service ’ ” (Winter v. Winter, 256 N. Y. 113, 117). Similarly, failure to file the order of publication and summons and complaint on or before the day of the first publication may be corrected by an order nunc pro tunc (Lambert v. Lambert, 270 N. Y. 422). And where the publication is made by error in a newspaper other than the one named in the order of publication, the order may be amended, nunc pro tunc, to cure the defect, the rationale being that, ‘ ‘ The observance of requirements left by the statute to the discretion *545 of the court or judge may not reasonably be regarded as a statutory condition to the court’s jurisdiction.’’ (Valz v. Sheepshead Bay Bungalow Corp., supra, p. 137).
On the other hand, a failure to comply with the directions of law regarding the manner or time of publication has been held to be a jurisdictional defect. Thus, no jurisdiction is acquired where the summons and notice was not published in one of the six successive weeks even though it was published twice in the preceding week (Doheny v. Worden, 75 App. Div. 47). Since publication is required to be in the English language, publication in Italian will not confer jurisdiction even though the defendant is Italian (Alfonso v. Alfonso, 99 Misc. 550). Failure to publish the summons within 30 days after the granting of a warrant of attachment as formerly required by statute was a jurisdictional defect mandating the vacation of the warrant (Taylor v. Troncoso, 76 N. Y. 599; Blossom v. Estes, 84 N. Y. 614; Barron v. Winchester Broadcasting Corp., 201 Misc. 586). (Now, CPLB 6213 empowers the court, upon application made before the expiration of the 30-day period, to extend this time, but not to exceed 60 days.)
The plaintiff has failed to comply with a requirement of law regarding the time of publication. The first publication of the summons shall be made within twenty days after the order is granted.” (CPLB 316, subd. [c]). The court is given no power to vary this time limitation and I hold that this requirement is jurisdictional.
The plaintiff’s application for a default judgment is denied and the complaint dismissed.