OPINION OF THE COURT
James H. Boomer, J.
On this motion for summary judgment I am asked to determine the validity of Local Law No. 2 of 1978 enacted by the Monroe County Legislature.
That local law amended section 305 of the Monroe County Charter entitled "Interference with managerial powers and duties.” Section 305 prohibits the county legislators from requesting the county manager to appoint or remove any county employee and from dealing directly with department heads and employees. A violation of that section was declared to be a misdemeanor "conviction of which shall carry with it forfeiture of office.”
Local Law No. 2 amended section 305 in two respects. It permitted legislators to request information directly from any county officer or department head and it deleted the penalty of forfeiture of office.
Plaintiffs’ main assertion is that Local Law No. 2 is subject to a permissive referendum because it "changes * * * the method of removing an elective county officer.” (NY Const, art IX, § 1; Monroe County Charter, § 1405; Municipal Home Rule Law, § 34); and, therefore, it cannot become effective until 60 days after its enactment or until approved by referendum if a proper petition is filed within the 60-day period (Municipal Home Rule Law, § 34, subd 4).
I hold that the deletion of the penalty of forfeiture of office does not "change the method of removal” of county legislators. I base this holding upon the construction of the key words, "removal” and "the method”.
There is a distinction between "forfeiture” of office and "removal” and that distinction is observed by the Constitution of the State of New York and the Public Officers Law. Section 5 of article XIII of the Constitution of the State of New York states that the Legislature shall provide for the "removal” of certain public officers "for misconduct or malversation in office”. Section 6 provides that the Legislature "may declare the cases in which any office shall be deemed vacant”. The *12 Legislature has provided that certain State and local officers may be "removed” by the Governor upon notice of charges and after an opportunity to be heard (Public Officers Law, § 33). It has also declared that every office shall be "deemed vacant” upon the happening of certain events including the incumbents, "removal” from office, ceasing to be a resident of the State or political subdivision, conviction of a felony, or failure to file his oath of office. These provisions of the Constitution and the Public Officers Law give a definite meaning to the word "removing” and that meaning does not include "forfeiture”. Forfeiture occurs automatically; upon the happening of a specified event, the office is "deemed vacant”. Removal is not automatic; it requires action by some person or body usually after notice and hearing.
In the phrase "changing the method of removing”, the words "the method” are also significant. "Method” is defined as "an orderly procedure or process.” (Webster Int Dictionary [2d ed].) Charter provisions and State statutes commonly provide for the procedure or process for removal of certain public officers and the procedure or process usually calls for notice of charges and a hearing (Matter of Donnelly v Roosevelt [Matter of Walker], 144 Misc 525; People v Ahearn, 196 NY 221; Public Officers Law, §§33, 34; Second Class Cities Law, § 34). Section 305 of the Monroe County Charter, on the contrary, did not provide for the procedure or process for removal of a county legislator; it merely provided for a penalty which resulted in an automatic vacation of office. Local Law No. 2 amending section 305 did not change the process or procedure, but only deleted one of the "cases in which [the] office shall be deemed vacant”. (NY Const, art XIII, § 6.)
The plaintiff attacks the validity of Local Law No. 2 on the further ground that the notice of hearing on the local law was not published in the official newspapers of the county. The notice was published in January, 1978 in two newspapers both of which had been designated in January, 1977 as the official newspapers for the year 1977. Section 214 of the County Law requires the County Legislature to designate the official newspapers annually, but the Legislature inadvertently failed to redesignate the official newspapers for the year 1978. Is this failure fatal to the validity of Local Law No. 2? Is it a jurisdictional defect or a mere irregularity? Whether a defect in procedure is jurisdictional is sometimes difficult to determine. In making the determination it is of prime impor-
*13 tance to ascertain the purpose of the statute establishing the procedure. Here the statute establishing the procedure for the adoption of local laws (Municipal Home Rule Law, § 20, subd 5) mandates a public hearing upon "public notice”. The statute does not state how the notice is to be given. The statute directing the County Legislature to designate official newspapers for the publication "of all local laws, notices and other matters required by law to be published” does not expressly state that all notices must be published in the official newspapers (County Law, § 214, subd 2). It is my determination that the purpose and intent of subdivision 5 of section 20 of the Municipal Home Rule Law is to give adequate public notice of the public hearing on the local law, and since that law did not direct the exact method of notice, the inadvertent failure of the County Legislature to designate as official newspapers the newspapers in which the notice was published is not a jurisdictional defect. It is a mere irregularity which may be cured nunc pro tunc by the designation of those newspapers as the official newspapers for the year 1978. Authority for this holding may be found in the case of Valz v Sheepshead Bay Bungalow Corp. (249 NY 122), where the court amended nunc pro tunc an order for service of summons by publication. There the order directed the service by publication in a certain newspaper and the summons, by mistake, was published in another newspaper of slightly larger circulation in the same city. The court held that the defect was an irregularity and not jurisdictional. It permitted the amendment of the order to delete the name of the newspaper and insert instead the name of the newspaper in which the summons was inadvertently published. It emphasized the fact that the choice of the newspapers was left to the Judge and that "[n]o conceivable purpose of the Legislature is thwarted if the court disregards the inadvertent use of an instrument not selected by a judge in advance, if the instrument is one which the court might have selected originally.” (Valz v Sheepshead Bay Bungalow Corp., supra, p 136.) Here the choice of the newspapers was left to the County Legislature and no conceivable purpose of the State Legislature is thwarted by publication in the newspapers which the county could have selected originally. For a listing of jurisdictional defects and irregularities affecting service by publication. (See Caton v Caton, 72 Misc 2d 544.)
The case of Walsh v Blair (89 Misc 2d 989), cited by *14 plaintiffs can be distinguished. There the statute requiring publication of a notice of tax sale expressly provided where it should be published by requiring it to be published in the newspapers designated for the publication of concurrent resolutions. Since no newspapers were designated, the defect was held to be jurisdictional. Moreover, the court noted that tax statutes are to be strictly construed with any doubt resolved in favor of the taxpayer. Here, in contrast, the statute requiring public notice did not direct the manner of giving notice, and that statute must be "construed liberally”. (Municipal Home Rule Law, § 35, subd 3; see, also, § 51.)
In a recent brief plaintiffs’ counsel raises for the first time the point that the notice of the public hearing did not adequately advise the public of the subject matter of the local law under consideration. This issue was not raised in the pleadings. Had it been raised I would rule against the plaintiff on the authority of Garlen v City of Glens Falls (35 Misc 2d 363, affd 17 AD2d 277, affd 12 NY2d 1025). In Garlen, as here, the published notice did not state the subject matter of the local law, but it cited by chapter and section number the law proposed to be changed. (See 12 NY2d 1025, 1026.) This was held to give sufficient notice.
Submit order dismissing the action for a permanent injunction and granting summary judgment declaring that Local Law No. 2 is not subject to permissive referendum and was validly enacted.