41 KEW GARDENS ROAD ASSOCIATES et al., Respondents, v STANLEY TYBURSKI et al., Appellants.

Municipal Home Rule Law § 20 (5), as it applies to New York City, provides that no local law shall be approved by the Mayor unless a public hearing thereon has been held before him. Such hearing "shall be * * * upon five days' notice". Pursuant to Administrative Code of the City of New York § 3-208 this notice "shall be published in the City Record and in such daily newspaper or newspapers, published in the city of New York, as shall be selected by the mayor for that purpose". In keeping with these provisions, on July 3, 1986, the defendants caused to be published in the *New York Post* notice that a public hearing regarding the approval of Local Laws, 1986, No. 24 of City of New York, was to be held on Tuesday, July 8, 1986. However, the notice published in the *City Record* on that date incorrectly indicated that the hearing would be held on Wednesday, July 9, 1986. Although agents of the defendants knew of this error on July 3, they did nothing to remedy the situation until July 7. On that date they made telephone calls to some special interest groups, and sent out some letters by messenger containing the following statement: "For your information, I enclose a copy of the listing of bills, a number of which I believe are of interest to your organization, on which the Mayor is holding a public hearing on Tuesday, July 8th at 10:30 A.M.".

The hearing was held on July 8, at the conclusion of which

the Mayor approved the local law in question. Shortly thereafter the plaintiffs, individual owners of income-producing real property and organizations of real property owners and taxpayers, commenced this action to declare Local Laws, 1986, No. 24 of City of New York, as amended by Local Laws, 1986, No. 41 of City of New York, invalid and to enjoin the defendants from implementing or enforcing that law, *inter alia,* on the ground that the notice requirements of Municipal Home Rule Law § 20 (5) and Administrative Code § 3-208 were not complied with. The Supreme Court declared the law to be invalid on that basis, and we affirm.

Although technical compliance with the above-cited provisions is not essential to the validity of a municipal enactment *(see, Alscot Investing Corp. v Laibach,* 65 NY2d 1042; *Martin v Flynn,* 19 AD2d 653; *Matter of Braxton v Kuwik,* 114 Misc 2d 668), the noncompliance at bar goes to the substance of those provisions and thwarts their legislative purpose. While proper notice was published in a daily newspaper presumably selected by the Mayor five days before the hearing, improper and clearly misleading notice was published in the *City Record,* the paper specifically selected by the City Council for this purpose. This was the publication that special interest groups would most probably look to for accurate information. Although the defendants had an opportunity to rectify this situation within the statutory time limits, they chose not to do so. Instead they waited until the day before the hearing to send out letters to certain special interest groups stating the correct hearing date, letters which did not even call the recipients' attention to the fact that a previous error had been made. This one-day notice to a select group of organizations clearly constitutes a "departure in substance from the formula prescribed by statute" *(see, Alscot Investing Corp. v Laibach, supra,* p 1044), and resulted in the frustration of the purpose and intent of the applicable notice requirements.

The cases relied upon by the defendants are clearly distinguishable, as they all involved technical violations of the relevant statutes and sufficient and adequate notice was in fact provided *(see, e.g., Garlen v City of Glens Falls,* 17 AD2d 277, *affd* 12 NY2d 1025; *Martin v Flynn, supra; Matter of Braxton v Kuwik, supra; Morin v Foster,* 93 Misc 2d 10).

We have considered the remaining contention of the defendants in this regard and find it to be without merit. In light of our determination, we decline to reach the constitutional issues raised by the plaintiffs. Thompson, J. P., Bracken, Rubin and Spatt, JJ., concur.