In the Matter of WESLEY E. MARTIN, Appellant, v LEE E. KOPPELMAN et al., Respondents.

Second Department, January 20, 1987

## APPEARANCES OF COUNSEL

*Oliver & Oliver (Lewis B. Oliver* and *Harriet B. Oliver* of counsel), for appellant.

*Martin Bradley Ashare, County Attorney (Theodore D. Sklar* of counsel), for respondents.

## OPINION OF THE COURT

MOLLEN, P. J.

This proceeding involves a project by the Metropolitan Transportation Authority (hereinafter the MTA) and the Long Island Railroad (hereinafter the LIRR) to electrify the Ronkonkoma Branch of the LIRR. As part of this program the parking facilities at each of the five stations along the Ronkonkoma Branch (Wyandanch, Brentwood, Ronkonkoma, Central Islip and Deer Park) were to be enlarged. The petitioner has sought to prevent these alterations by commencing a series of proceedings pursuant to CPLR article 78 seeking a judgment declaring null and void the resolutions passed by the respondent Suffolk County Legislature and approved by the County Executive in furtherance of the electrification program. Each of these proceedings was based upon alleged violations of the State Environmental Quality Review Act (hereinafter the SEQRA; ECL art 8). The instant proceeding is an attempt to nullify the most recent of these resolutions whereby the respondent Suffolk County Legislature adopted the negative declarations issued by the Suffolk County Council on Environmental Quality (hereinafter the CEQ) regarding the expansion of the parking facilities and authorized the expenditure of funds in furtherance of those projects. Special Term dismissed the petition, *inter alia,* finding that the parking facility projects were exempt from SEQRA compliance under Public Authorities Law § 1266 (11) in that those projects required the preparation of an environmental impact statement under or pursuant to Federal law, and such a statement had been filed with the appropriate Federal agency.

On the appeal the respondents acknowledge that Special Term erred in concluding that an environmental impact state-

ment had been prepared with regard to the particular projects in question. Evidently the court was laboring under a misconception with regard to the purpose of the environmental assessment form that had been prepared for the Federal Urban Mass Transportation Administration to aid in that agency's review of the entire proposed electrification program. However, the respondents contend that the projects at issue are still exempt from SEQRA, pursuant to the alternative ground for exemption contained in Public Authorities Law § 1266 (11).

Under Public Authorities Law § 1266 (11), MTA projects to be constructed upon real property previously used for a transportation purpose, or on an insubstantial addition to such property contiguous thereto, which will not change in a material respect the general character of such prior transportation use, are not subject to SEQRA *(see also,* Public Authorities Law § 553-e [8]; § 1266-c [11]). All five of the projects at issue herein are to be constructed upon real property previously used for a transportation purpose or upon property contiguous to such property. In addition, this construction will not change the general character of the prior transportation use in a material respect. At present the properties are being used as LIRR stations with parking facilities. Pursuant to the proposed projects, those stations will be altered to accommodate electrified trains, rather than trains run on diesel fuel, and the parking facilities will be enlarged. This clearly does not constitute a change in the general character of the transportation use.

However, 3 of the 5 projects involved run afoul of the remaining requirement of Public Authorities Law § 1266 (11). Although the projects proposed in Wyandanch and Brentwood involve construction upon either property previously used for transportation purposes or an insubstantial addition to such property, the projects proposed in Ronkonkoma, Central Islip and Deer Park involve the use of an additional 16.9, 10.6 and 15.95 acres, respectively. These additional pieces of property can hardly be considered insubstantial, given the Commissioner of Environmental Conservation's determination that an action involving the physical alteration of 10 acres or more is a type I action, i.e., likely to produce a significant environmental impact *(see,* 6 NYCRR 617.12 [a], [b] [6] [i]; ECL 8-0109 [2]). Thus the projects in Ronkonkoma, Central Islip and Deer Park are not exempt from the requirements of SEQRA pursuant to Public Authorities Law § 1266 (11), and with respect to

those properties we must determine whether there was compliance with SEQRA.

In reviewing agency determinations regarding environmental matters: "the court may only annul a determination if it is not rational, i.e., arbitrary and capricious, or unsupported by substantial evidence *(Town of Hempstead v Flacke,* 82 AD2d 183; see *Matter of Pell v Board of Educ.,* 34 NY2d 222). While we cannot substitute our judgment for that of the commissioner *(Town of Hempstead v Flacke, supra),* we must determine whether the entities involved have complied with the procedural requirements of SEQRA (see *Matter of Cohalan v Carey,* 88 AD2d 77). This court has noted that SEQRA requires literal compliance with its terms and substantial compliance will not suffice *(Matter of Rye Town/King Civic Assn. v Town of Rye,* 82 AD2d 474, apps dsmd 55 NY2d 747, mot for lv to app dsmd 56 NY2d 985)" *(Matter of Environmental Defense Fund v Flacke,* 96 AD2d 862; *see also, Inland Vale Farm Co. v Stergianopoulos,* 104 AD2d 395, *lv denied* 63 NY2d 608).

Although the petitioner raises numerous instances of alleged noncompliance by the respondents, only one of the petitioner's contentions is meritorious. The respondent County of Suffolk, as lead agency under the rules and regulations promulgated by the Commissioner of the Department of Environmental Conservation *(see,* 6 NYCRR 617.6), bore the responsibility of determining whether the preparation of an environmental impact statement was required (ECL 8-0111 [6]; *Glen Head—Glenwood Landing Civic Council v Town of Oyster Bay,* 88 AD2d 484). The CEQ was created by the Suffolk County Legislature in order to assist the county in making these determinations (Suffolk County Code § C1-2), and it was pursuant to this provision that the CEQ issued negative declarations regarding the projects at issue herein. While it is clearly proper for a lead agency to seek the advice and assistance of other agencies regarding determinations of significance or nonsignificance *(see,* 6 NYCRR 617.4 [c]), at bar the respondent Suffolk County Legislature did more than merely seek advice from the CEQ. It adopted the CEQ's declarations that the projects at issue would have no significant impact on the environment without conducting any independent review or analysis of the issues decided therein. Such a delegation of its lead agency decision-making responsibilities is inconsistent with the SEQRA review and consideration functions, and has been expressly disapproved of in the past *(see, Matter of Save the Pine Bush v Planning Bd.,* 96

AD2d 986, *lv denied* 61 NY2d 668; *Glen Head—Glenwood Landing Civic Council v Town of Oyster Bay, supra).*

Accordingly, the respondents' actions constitute an abuse of discretion requiring annulment of those portions of the resolutions at issue by which the respondents adopted the negative declarations of CEQ regarding the projects in Ronkonkoma, Central Islip and Deer Park and acted in furtherance of those projects. The matter is hereby remitted to the respondents so that they may properly comply with SEQRA with regard to those three projects. Furthermore, since declaratory relief was sought, the Supreme Court erred in dismissing the "verified complaint petition" without declaring the validity of the resolutions in question in all other respects *(see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901).

LAWRENCE, KUNZEMAN and KOOPER, JJ., concur.

Ordered that the judgment of the Supreme Court, Suffolk County, dated October 26, 1984, is modified, on the law, by deleting therefrom the provisions dismissing the petition in all respects and denying all requests for injunctive and declaratory relief, and substituting therefor (1) provisions granting the petition insofar as it sought a judgment declaring null and void (a) so much of the respondent Suffolk County Legislature's Bond Resolution No. 555-1984 as authorized the issuance of bonds and notes to pay part of the cost of the acquisition of real property for the construction of additional parking areas along the main line of the Long Island Railroad in Central Islip; (b) so much of the respondent Suffolk County Legislature's Bond Resolution No. 556-1984 as amended the 1984 Suffolk County Capital Budget and the Suffolk County 1984-1986 Capital Program, and appropriated funds for the acquisition of real property for the construction of additional parking areas along the main line of the Long Island Railroad in Ronkonkoma, Central Islip and Deer Park; (c) so much of the respondent Suffolk County Legislature's Bond Resolution No. 557-1984 as provided that the respondent County of Suffolk adopted the determinations of nonsignificance of the Suffolk County Council on Environmental Quality with regard to the proposed projects at the Ronkonkoma, Central Islip and Deer Park railroad stations and which amended the Suffolk County 1984 Capital Budget and authorized the transfer of funds for the survey and acquisition of real property at those railroad stations; (d) the respondent Suffolk County Legislature's Bond Resolution No. 629-1984; and (e) the respondent

Suffolk County Legislature's Bond Resolution No. 630-1984, and (2) a provision declaring the remainder of the challenged resolutions valid. As so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the respondent Suffolk County Legislature for further proceedings consistent herewith.