RESIDENTS OF BERGEN BELIEVE IN THE ENVIRONMENT AND DEMOCRACY, INC., et al., Respondents, v County of Monroe et al., Appellants, and TOWN OF RIGA et al., Respondents.

Fourth Department, July 13, 1990

### APPEARANCES OF COUNSEL

*Boylan, Brown, Code, Fowler, Randall & Wilson (Richard Palumbo* of counsel), for appellants.

*Alan J. Knauf & Associates, P. C. (Alan Knauf* of counsel), for Residents of Bergen and others, respondents.

*Allen, Lippes & Shonn (Richard Lippes* of counsel), for Environmental Committee of Riga, Inc., respondent.

*Harter, Secrest & Emery (A. Paul Britton* of counsel), for Town of Riga, respondent.

*Rosemary Pooler* for Atlantic States Legal Foundation, Inc., *amicus curiae.*

*Robert Abrams, Attorney-General (Kathleen Liston Morrison* of counsel), for Department of Environmental Conservation, *amicus curiae.*

### OPINION OF THE COURT

CALLAHAN, J. P.

◼ Petitioners, individuals and two not-for-profit associa-

tions, commenced this action which contains elements of a CPLR article 78 proceeding and a declaratory judgment action. Based upon the county's alleged noncompliance with certain provisions of the State Environmental Quality Review Act (SEQRA) and the regulations promulgated thereunder, petitioners seek to vacate and declare null and void certain acts of Monroe County (County) to facilitate the creation of a landfill site in the Town of Riga known as Mill Seat landfill. Petitioners also seek to vacate the designation of the County as the lead agency for this SEQRA review. Initially, we hold that the petitioners have standing to challenge defects in SEQRA reviews, including the improper designation of the lead agency (see, Matter of Coca-Cola Bottling Co. v Board of Estimate, 72 NY2d 674; Matter of Martin v Koppelman, 124 AD2d 24; Matter of Save the Pine Bush v Planning Bd., 96 AD2d 986, lv denied 61 NY2d 602, appeal dismissed 61 NY2d 668).

■ Supreme Court erred in holding that Monroe County was improperly designated as lead agency and in vacating the entire SEQRA review conducted by the County. The court found that in 1983 when the County first proposed to develop the Mill Seat landfill site: (1) the County properly identified itself and the Department of Environmental Conservation (DEC) as the only "involved agencies" under SEQRA; (2) the County provided the DEC with the required 30-day notice pursuant to 6 NYCRR 617.6 (former [d] [1]); (3) the County and the DEC agreed that the County would be the lead agency; and (4) the County proposed an initial version of its draft environmental impact statement (DEIS).

Supreme Court further found that: (1) in 1989 the County, as lead agency, circulated a new DEIS, conducted public hearings, prepared a final environmental impact statement (FEIS) and issued a statement of findings; (2) the landfill proposal had changed between 1983 and 1989 in such a way that more agencies would now be "involved agencies", none of whom had "been provided with the opportunity to agree or object to the County * * * serving as Lead Agency", and the newly identified "involved agencies" had been provided with copies of the DEIS and FEIS as well as the opportunity to comment on the substantive issues raised therein.

Since DEC and the County agreed in 1983, at the inception of the project, that the County should be the lead agency, the subsequently identified "involved agencies" cannot force the SEQRA process to begin anew, including a redesignation of

the lead agency *(see, Matter of Congdon v Washington County,* 130 AD2d 27, *lv denied* 70 NY2d 610). There is no regulation that would allow such agencies to compel such a result. The decision of Supreme Court finding that the County was not properly designated as lead agency and vacating the entire SEQRA review confounds the purpose of the statute and its implementing regulations and portends a never-ending return to square one should further modifications be made and additional agencies be identified.

■ As landowners of parcels near the proposed site (or as citizen action groups of such owners), petitioners are understandably concerned with the construction of the landfill; however, "[n]othing in the law requires an agency to reach a particular result on any issue, or permits the courts to second-guess the agency's choice, which can be annulled only if arbitrary, capricious or unsupported by substantial evidence" *(Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 417). Each case must be judged on its own merits and the courts have chosen not to delineate the precise limits of the "hard lcok doctrine" beyond the standard announced in *Matter of Jackson (see, Akpan v Koch,* 75 NY2d 561). Since the County took the requisite "hard look" at the environmental impact of the proposed landfill, the SEQRA review should be approved and the DEC construction permit application process should be allowed to move forward *(see, H.O.M.E.S. v New York State Urban Dev. Corp.,* 69 AD2d 222).

As this court previously stated, "SEQRA requires an approving agency to consider fully the environmental consequences revealed in an EIS and to take these consequences into account when reaching a decision whether or not to approve an action. Moreover, the statute authorizes the approving agency to implement measures designed to mitigate the adverse environmental impacts identified, so long as these measures are reasonable in scope and are reasonably related to the adverse impacts identified in EIS" *(Matter of Town of Henrietta v Department of Envtl. Conservation,* 76 AD2d 215, 226-227).

In our view, there is sufficient evidence in the record that the county, having been properly designated lead agency, took the requisite "hard look" at the possible and probable environmental effects of the proposed landfill, adequately and reasonably addressed the prevailing concerns (suggesting mitigating measures where necessary) and thereby acted neither arbitrarily nor capriciously. Should the DEC take issue with any

part of the County's review or plans, it can compel the County to ameliorate matters before construction begins.

Finally, Supreme Court properly declined to determine whether Brew Road and O'Brien Road can be closed.

Accordingly, the Supreme Court judgment should be modified by reversing the first two decretal paragraphs, and (1) reinstating Monroe County as the lead agency for the Mill Seat landfill project, (2) approving the SEQRA application process, (3) allowing the DEC construction permit applications to be properly processed, and (4) in all other respects affirming the judgment and dismissing the petition.

DOERR, DENMAN, LAWTON and DAVIS, JJ., concur.

Judgment unanimously modified, on the law, and, as modified, affirmed, without costs.