■ In the Matter of STANLEY FRIEDENBURG et al., as Executors of GWENDOLYN LONDINO, Deceased, Respondents, v ELISE KORMAN et al., Constituting the Board of Appeals of the Village of Southampton, Appellants. [648 NYS2d 157] —In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Zoning Board of Appeals of the Village of Southampton, dated November 17, 1994, which required the petitioners to prepare a draft environmental impact statement in connection with their application for a wetlands (natural resource) special permit, the appeal is from a judgment of the Supreme Court, Suffolk County (Seidell, J.), entered June 23, 1995, which, *inter alia,* granted the petition and annulled the determination.

Ordered that the judgment is modified, on the law, by deleting therefrom the provision which awarded costs and disbursements to the petitioners and substituting therefor a provision denying costs and disbursements pursuant to Village Law § 7-712-c (2); as so modified, the judgment is affirmed, without costs or disbursements.

The Supreme Court properly annulled the determination of the appellant Zoning Board of Appeals of the Village of Southampton (hereinafter the Zoning Board). At the inception of the project at issue in 1987, the New York State Department of Environmental Conservation (hereinafter the DEC)

gave notice to, among others, the Village of Southampton, that the petitioners had filed an application for a tidal wetlands permit, and that, pursuant to the State Environmental Quality Review Act (ECL art 8, hereinafter SEQRA), the DEC was conducting a coordinated review. Although, at that time, the Zoning Board was not an "involved agency" within the meaning of SEQRA because it had no jurisdiction to fund, approve, or directly undertake the action in question *(see,* 6 NYCRR 617.2 [t]), it was an "interested agency" *(see,* 6 NYCRR 617.2 [u]) which, by virtue of the regulations, was "strongly encouraged to make known * * * [its] views on the action, particularly with respect to [its] areas of expertise and jurisdiction" (6 NYCRR 617.3 [e]). This the Zoning Board failed to do, as it refrained from participating, or even indicating a desire to participate, in any part of the review process until 1989, when the Village of Southampton Zoning Code was amended to add a wetlands law *(see,* Village of Southampton Zoning Code art IIIA). Under these circumstances, the Zoning Board had no authority to "force the SEQRA process to begin anew" by rendering an independent and duplicative determination of significance with respect to the petitioners' proposed project *(Residents of Bergen Believe in Envt. & Democracy v County of Monroe,* 159 AD2d 81, 83-84). Indeed, this result is consistent with SEQRA's implementing regulations which require agencies to "carry out the terms and requirements of * * * [the statute] with minimum procedural and administrative delay, [and] * * * avoid unnecessary duplication of reporting and review requirements by providing, where feasible, for combined or consolidated proceedings" (6 NYCRR 617.3 [h]).

Under the circumstances of this case, the award of costs and disbursements to the petitioners was improper *(see,* Village Law § 7-712-c [2]). We note that, in their brief, the petitioners state that they "have no objection to the deletion from the judgment of this award". O'Brien, J. P., Joy, Friedmann and Krausman, JJ., concur.