■ In the Matter of STATEN ISLAND RAPID TRANSIT OPERATING AUTHORITY, Appellant, v MICHAEL D. ZAGATA, as Commissioner of the Department of Environmental Conservation of

the State of New York, Respondent. [663 NYS2d 883] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the Department of Environmental Conservation of the State of New York, dated November 27, 1995, which adopted the findings, conclusions, and recommendations of a Hearing Examiner and determined, *inter alia*, that the petitioner had violated stated provisions of ECL article 24 and imposed a penalty, the appeal is from so much of a judgment of the Supreme Court, Richmond County (Mastro, J.), entered August 7, 1996, as denied that branch of the petition which was to annul, vacate, and set aside the determination that the petitioner had committed the stated violations and imposed a penalty.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The petitioner, Staten Island Rapid Transit Operating Authority (hereinafter SIRTOA), installed a fence along both sides of its tracks running between the Richmond Avenue and Prince's Bay train stations in Staten Island without obtaining a permit from the Department of Environmental Conservation (hereinafter the DEC) as required by ECL article 24 governing freshwater wetlands. Upon learning of the fence project, the DEC issued a notice of violation to SIRTOA, followed by a "cease and desist" letter. SIRTOA, however, continued with the project and substantially finished installing the fence, claiming that the project was exempt from the permit requirement by virtue of Public Authorities Law § 1266-c (11). After a hearing, the DEC determined that the installation of the fence on the previously unused and undisturbed right of way of SIRTOA and adjacent property, affecting 6.9 acres of regulated wetlands, was not exempt from the requirements of ECL article 24.

Public Authorities Law § 1266-c (11) exempts from the requirements of ECL article 24 only (1) projects constructed upon real property that was previously used for a transportation purpose, or (2) projects that do not substantially add to the property and do not materially change the general character of the prior transportation use (*see, Matter of Martin v Koppelman*, 124 AD2d 24, 26). As the fence project here was constructed on previously unused and undisturbed property, the first exemption provision does not apply. As to the second exemption provision, the DEC found that the fence project substantially added to property previously used by SIRTOA for transportation purposes, as it required the clear-cutting of vegetation nine feet outside of the SIRTOA property line or right

of way, affecting 6.9 acres of previously undisturbed and unimproved freshwater wetlands and adjacent areas. Given the expertise of the DEC and its authority in this area, and given that the facts are undisputed, its well-supported determination that the fence project did not meet either of the exemption provisions under Public Authorities Law § 1266-c (11) will not be disturbed (*see, Williamsburg Around the Bridge Block Assn. v Giuliani*, 223 AD2d 64; *see also, Matter of Martin v Koppelman, supra*). Ritter, J. P., Copertino, Florio and Luciano, JJ., concur.